THE STATE OF OHIO, APPELLEE, *v.*
RODRIQUEZ, APPELLANT.

(No. 3876—Decided March 19, 1986.)

*Gregory A. White,* prosecuting attorney, for appellee.
*James M. Burge,* for appellant.

BAIRD, J. This cause came on before the court upon defendant's appeal from his convictions of aggravated trafficking in drugs and distribution of a controlled substance. We affirm.

This cause arose out of the arrests of Geraldo Cruz and Joseph Emody shortly after the two men left defendant's home. Cruz was found to have two bags of cocaine in the waistband of his shorts. Marijuana was found in the console of Emody's Jeep. Later that evening, defendant's home was searched; no contraband was found.

Emody was charged with drug abuse, permitting drug abuse, and having an open flask in a motor vehicle. Cruz was charged with possession of cocaine in three times the bulk amount. At the time of trial, the charges against Emody were pending. Cruz had entered a plea of guilty; in exchange for his testimony, he would be placed on probation and similar charges pending against Cruz's wife would be dropped.

Defendant was charged with possession of criminal tools and permitting drug abuse; these charges were nolled. He also was charged with distribution of a controlled substance and aggravated trafficking in drugs.[1] Although he was convicted of both, he was sentenced only on the aggravated trafficking charge. Defendant appeals.

Assignment of Error I

"The trial court erred, and to the prejudice of appellant, in refusing to permit, over objection, the exercise of four peremptory challenges to jurors during *voir dire.*"

The Ohio Rules of Criminal Procedure provide that:

"* * * In addition to challenges provided in subdivision (B), if there is one defendant, each party peremptorily may challenge three jurors in misdemeanor cases, four jurors in felony cases other than capital cases, and six jurors in

---

[1] Defendant's wife, Lydia Segarra, faced a related charge. This was dismissed, after *voir dire,* as part of Cruz's plea bargain.

capital cases. If there is more than one defendant, each defendant peremptorily may challenge the same number of jurors as if he were the sole defendant. "* * *" Crim. R. 24(C).

Normally, a court's failure to permit the exercise of all of a defendant's peremptory challenges constitutes reversible error. *State* v. *Berry* (1971), 25 Ohio St. 2d 255, 54 O.O. 2d 374, 267 N.E. 2d 775. However, in this case we have a unique situation which prevents our reversing the judgment.

At the time of the *voir dire,* there were two defendants, Rodriquez and Segarra. It is beyond doubt that, if both defendants had been tried, the record would reflect a denial of peremptory challenges; hence, there would be reversible error. However, only one defendant was tried, which raises the issue of whether Rodriquez was permitted to exercise his four peremptory challenges. If the record reflected that defendant was not permitted to exercise four peremptory challenges, this cause should be reversed. However, the record reveals only that both defendants took their peremptory challenges together[2] and that four peremptory challenges were taken. It is impossible to tell from the record who exercised which challenge.

The record does not demonstrate that defendant was denied *his* peremptory challenges. Therefore, defendant has not established error. Defendant's first assignment of error is overruled.

### Assignment of Error II

"The trial court erred, and to the prejudice of appellant, in permitting a police officer to testify, over objection, to hearsay statements made to the officer by an unidentified informant, where such statements bore directly on the ultimate issue of appellant's guilt or innocence."

---

[2] In fact, both defendants were represented by both attorneys.

At trial, Detective Schrull testified that he received notification from a confidential informant that Geraldo Cruz, who was under investigation at the time, was en route to the defendant's house in order to pick up a shipment of cocaine. Defendant entered a timely objection based upon the hearsay rule (Evid. R. 802). The court overruled the objection.

We cannot agree with the trial court's ruling that the informant's statement was not offered to prove the truth of the matter asserted. The record indicates no legitimate purpose for the introduction of the statement; the tip was not relevant except as evidence that defendant was about to sell cocaine to Cruz.

However, a thorough review of the record, considered as a whole, reveals that the admission of the informant's tip did not affect defendant's substantial rights. Crim. R. 52(A). There is no reasonable possibility that the testimony contributed to defendant's convictions; hence, the error in admitting it was harmless. *Chapman* v. *California* (1967), 386 U.S. 18; *State* v. *Thompson* (1981), 66 Ohio St. 2d 496, 499, 20 O.O. 3d 411, 413, 422 N.E. 2d 855, 857.

Putting aside the challenged testimony, the independent evidence of guilt is sufficient to render the error harmless beyond a reasonable doubt. *Chapman, supra.* There is extensive testimony by two eyewitnesses that Rodriquez sold cocaine to Cruz. There was the testimony of Detective Schrull that Cruz was arrested shortly after leaving defendant's home and that Cruz, at that time, possessed cocaine. Substantial and direct evidence supports defendant's conviction; it is clear beyond a reasonable doubt that absent the above-mentioned error, the jury would have returned a verdict of guilty. Therefore, the error is harmless. *United States* v. *Hasting* (1983), 461 U.S. 499.

Defendant's second assignment of error is overruled.

### Assignment of Error III

"The trial court erred, and to the prejudice of appellant, in refusing to allow cross-examination of the co-defendants in this case, regarding illegal drugs which were found in the possession of the co-defendants at or near the time of arrest, and which were part of the *res gestae* of the case."

Defendant argues that the trial court should have permitted ·him to cross-examine Cruz and Emody as to their possession of marijuana at the time of their arrests and as to Cruz's possession, at his home, of drugs, packaging materials and "cutting kits." He argues that such cross-examination would support his contention that Cruz did not obtain the cocaine from defendant, but already possessed it himself. Furthermore, he contends that such cross-examination would serve to impeach Cruz's and Emody's credibility.

Defendant's first argument rests upon the alleged similarity between the packaging of the cocaine and the marijuana. We find this argument to be specious. Both packages were zip-lock bags; however, this is an extremely common method of packaging drugs. Although possibly relevant, evidence of the other drugs properly was excluded because its probative value was substantially outweighed by the danger of confusing or misleading the jury. Evid. R. 403(A).

Defendant's second argument also must be rejected. The Ohio Rules of Evidence clearly delineate the methods by which a party may impeach a witness. Credibility may be attacked by evidence that the witness has been convicted of a crime (Evid. R. 609), or by evidence of the witness's character for untruthfulness (Evid. R. 608). *State* v. *Kamel* (1984), 12 Ohio St. 3d 306, 12 OBR 378, 466 N.E. 2d 860. At the time of trial, neither Cruz nor Emody had been convicted of possession · of the marijuana. The possession not resulting in conviction, it could not form the basis for an attack upon Cruz's or Emody's credibility. Evid. R. 609. *State* v. *Kamel, supra.* The use of evidence of the witness's possession of marijuana is the exact mischief which Evid. R. 608 was designed to prevent. *State* v. *Leuin* (1984), 11 Ohio St. 3d 172, 11 OBR 486, 464 N.E. 2d 552.

Defendant's third assignment of error is overruled.

### Assignment of Error IV

"The trial court erred, and to the prejudice of appellant, in refusing to allow appellant to place before the jury evidence of consideration given to a co-defendant for his testimony where the co-defendant had denied on cross-examination that he had received any consideration for his testimony, but where the co-defendant's counsel appeared in court, out of the presence of the jury, and acknowledged that charges against the co-defendant would be dismissed after his testimony."

Reviewing the record in this case, we agree with the trial court's ruling that there was no "concrete deal" between the prosecutor and Emody. The unsworn statement of Emody's former counsel, Robert J. Gargasz, indicated that the charges might be dismissed; however, no commitment had been made. While, under these circumstances, it may have been proper for the court to permit evidence of the speculative "deal," we cannot find prejudicial error in its exclusion. Emody testified on cross-examination that he had not yet been prosecuted despite the fact that his arrest occurred before defendant's. While defendant was permitted to cross-examine Emody on the subject of a deal, he is "stuck" with Emody's responses. *State* v. *Leuin, supra.* Emody's testimony was not impeached by Gargasz's statement. The exclusion of evidence of any "deal" was not error.

Defendant's fourth assignment of error is not well-taken.

*Judgment affirmed.*

GEORGE, P.J, and REILLY, J., concur.

REILLY, J., of the Tenth Appellate District, sitting by assignment in the Ninth Appellate District.