OPINION
Appellant/defendant Delbert D. Evege appeals his conviction and sentence from the Ashland County Court of Common Pleas on three counts of trafficking in marijuana within the vicinity of a school, each a violation of R.C. 2925.03(A).
 STATEMENT OF THE CASE AND FACTS
On July 6, 1998, appellant was indicted on three counts of trafficking in marijuana in amounts less than 200 grams in the vicinity of a school, in violation of R.C. 2925.03 (A), felonies of the fourth degree, pursuant to R.C. 2925.03(C)(3)(b). Appellant was arraigned on July 13, 1998. Appellant pled not guilty to all charges. A motion to suppress statements made by the defendant to the police was filed on August 12, 1998. A suppression hearing was held August 18, 1998. On Aug. 20, 1998, the trial court issued a Judgment Entry suppressing all statements made by the defendant after the invocation of defendant's right to counsel. A trial commenced on September 23, 1998. During the course of the trial, it was discovered that defense counsel had previously represented an individual who was the key witness in the state's case, in a related criminal matter. The state brought the conflict to the attention of counsel and the court. At that point, defense counsel determined he was unable to continue representation and a mistrial was declared. In a Judgment Entry issued Oct. 6, 1998, new counsel was appointed for appellant. On February 2, 1999, a second trial commenced. The following facts were adduced:
Defendant resided in a house that was located within a thousand feet of a public school. While the school building uses parts of its available space for administrative purposes, it also houses class rooms in which students are educated on a daily basis. On February 11, 1998, March 12, 1998, and April 14, 1998 agents of the Ashland City Police Department sent a confidential informant to appellant's residence. The informant purchased marijuana from appellant. During the trial, the state presented the testimony of the confidential informant, Donald Burroughs, who purchased the drugs from appellant. The informant testified that in exchange for his work as a confidential informant, he received a reduction in pending criminal charges, fee free probation, $20.00 — $40.00 per sale, an apartment for a period of time from approximately January to summertime of 1998, and, eventually, the use of an automobile.
Testimony revealed that Mr. Burroughs made 50 to 60 buys for the Ashland Police Department. The state also presented as evidence audio tapes of the transactions, of admittedly poor quality, the testimony of police officers who overheard the transactions, the testimony of a chemist who tested the drugs, and the superintendent of the Ashland City schools. Appellant took the stand on his own behalf. Appellant said that the informant did not come to his house to buy drugs from him and, upon questioning by his defense attorney, appellant stated that he did not remember selling drugs to the informant. Transcript of the Proceedings at pages [hereinafter Tr.] 383 388-389.
The state cross-examined appellant regarding his felony conviction as a method of impeaching his credibility. When asked about the felony bribery conviction, appellant admitted the conviction but responded in ways that suggested that he was innocent of that charge. As a result, a certified copy of the sentencing entry was marked as an exhibit. On redirect examination, counsel for appellant asked questions giving appellant the opportunity to explain the prior conviction. Appellant testified about the allegedly trivial, unfair nature of the previous charge, suggesting his innocence to the jury. Defense counsel inquired about any other felony convictions. Appellant responded by claiming he "only had one speeding ticket" and "that's all I did." Appellant further stated "I try to do right." Tr. 398. Also, defense counsel asked appellant if a truck involved in the bribery conviction was a truckload of marijuana. Appellant responded that it was not. Id.
The state attempted to clarify his testimony. Appellant was asked, pursuant to his response to defense counsel's question as to whether the truck involved in appellant's prior conviction for bribery was a truckload of marijuana, whether appellant was suggesting marijuana was "something strange" to him. Tr. 398-399. Appellant responded that he was not. Id. The state further clarified appellant's testimony by asking appellant if he was testifying that he had had no other trouble with the law other than the felony bribery conviction and the traffic ticket to which appellant had testified.
In response, appellant claimed he was not sure. The state asked the court for permission to refresh appellant's memory. The court granted permission to the state. Appellant was asked if he remembered a conviction for possession of marijuana. Defense counsel objected and moved that the question be stricken. The court instructed the state to move on. The question went unanswered. The record reflects that defense counsel made a motion for a mistrial, but the court did not rule upon the motion and the trial proceeded. The defense presented no other evidence.
At the close of appellant's case, the state moved for admission of the certified copy of the Judgment Entry reflecting appellant's prior conviction for bribery. The Judgment Entry was admitted over trial counsel's objections that the Judgment Entry contained irrelevant information and because appellant admitted to the conviction while on the witness stand. At the close of the trial, the court instructed the jury that they "must not draw any inference or speculate upon the truth or any suggestion included in a question that was not answered." Tr. 449.
After so instructing the jury, the court asked trial counsel if he desired any further special instructions, and defense counsel responded "[n]o, your honor." The jury returned a verdict of guilty on all three counts. In the Judgment Entry filed February 18, 1999, appellant was sentenced to 12 months incarceration on count one, 12 months of incarceration on count two and 12 months incarceration on count three. The court ordered that count two be served consecutive to the sentence imposed for count one, and the sentence of count three be served concurrent to the sentences imposed for counts one and two. It is from this conviction and sentence that appellant prosecutes this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR NUMBER I
 THE TRIAL COURT ERRED WHEN IT PERMITTED THE PROSECUTION TO CONTINUE A LINE OF QUESTIONING REGARDING DEFENDANT'S PAST CRIMINAL CONVICTIONS.
ASSIGNMENT OF ERROR II
 DEFENDANT WAS DENIED A FAIR TRIAL DUE TO UNPERMISSIBLE [SIC] QUESTIONS ASKED BY PROSECUTOR.
ASSIGNMENT OF ERROR III
 THE TRIAL COURT ERRED BY MAKING CERTAIN COMMENTS REGARDING IMPARTIALITY TOWARDS THE DEFENDANT.
ASSIGNMENT OF ERROR IV
 THE TRIAL COURT ERRED WHEN IT PERMITTED A COMPLETE JUDGMENT ENTRY OF DEFENDANT'S PRIOR FELONY CONVICTION TO BE ADMITTED INTO EVIDENCE AND SENT BACK WITH THE JURY FOR ITS CONSIDERATION.
 I
In his first assignment of error, appellant argues that the trial court committed prejudicial error by permitting the state to question appellant regarding his prior criminal record and contact with marijuana, including a prior misdemeanor conviction for possession of marijuana. Appellant contends that his prior misdemeanor convictions were presented by the state to show the purported bad character of the appellant. We disagree. The trial court is vested with discretion in determining the admissibility of evidence. Evid.R. 104. Any error in the admission of evidence must be analyzed under an abuse of discretion standard of review. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157, 16 O.O.3d 169, 404 N.E.2d 144. On redirect examination, appellant's counsel asked appellant questions regarding his prior felony conviction for bribery. When it was revealed that the previous conviction involved an overloaded truck, defense counsel asked if it was a truckload of marijuana. Appellant responded "[n]o, sir, it wasn't." Defense counsel also inquired whether appellant had any other felony convictions. Appellant responded by stating that he had only one speeding ticket. Appellant gave the circumstances of the ticket, concluding "that's all I did" and "I try to do right." On re-cross examination, the state questioned appellant about his reaction to defense counsel's question about the truckload of marijuana and asked if appellant was suggesting that marijuana was something strange to him. Appellant responded that he was not. The state asked appellant if he was testifying that he had no other felony convictions since 1985. Appellant responded that was the only one. The state then asked if appellant was saying "that those [, the bribery and speeding convictions,] are your only brushes with the law." Over defense counsel's objections, the state was permitted to ask if those were the only contacts appellant had with the law. Appellant responded "I come into contact quite a few times with them. Well, not quite a few times. I'd see them and I speak to them. I know a few of them. I know Jim." The state then asked appellant if there were other occasions when he had been in trouble with the police department. Appellant responded that maybe he had better not answer since something may slip his mind. Appellant added that there may have been something to do with his children. The state then asked the court whether it was permitted to refresh appellant's recollection. The court granted the state permission to do so. Appellant was then asked "[w]hat about a previous conviction for possession of marijuana?". Defense counsel objected to the question regarding possession of marijuana and moved that it be stricken from the record. Defense counsel moved for a mistrial, as well. The question regarding possession of marijuana was never answered by appellant. The court never responded to appellant's motion to strike the question from the record nor his request for mistrial. Defense counsel did not revisit these motions with the court. In this case, appellant put his criminal record at issue when he testified that his only prior convictions were for bribery and speeding and that he tried "to do right". It would appear from the record that appellant attempted to offer erroneous testimony about his past criminal record. "No application of Justice permits a defendant to intentionally lead a trial court astray and profit from the misdirection that the defendant himself created." State v. Jennings (November 24, 1982), Ashland App. No. CA-770, unreported, 1982 WL 5564. Further, we agree with the state that even if it were error to ask questions regarding appellant's prior criminal record, including his prior misdemeanor conviction for possession of marijuana, it was invited error. A party cannot complain of, or benefit from, error that a party invited. State v. Combs (1991), 62 Ohio St.3d 278, 286, 581 N.E.2d 1071. When the defense, either intentionally or unintentionally, leads the opposition or court to commit error, such error cannot be successfully complained of on appeal. State v. Jones (1996),114 Ohio App.3d 306, 683 N.E.2d 87. See also State v. Jennings, supra. Therefore, we find, that based on appellant's own testimony in which he admitted to a misdemeanor conviction along with his felony conviction, and stated that's all I did, I try to do right, it was permissible for the appellee (state) to question appellant regarding other prior criminal convictions. However, the state did more than just question the appellant regarding additional prior criminal convictions. The state asked appellant about other brushes with the law and other contacts with the law. The state also asked about other times appellant may have been in trouble with the police department. These questions were inappropriate and the trial court should have sustained the objection to these over-broad questions. These questions were much broader than necessary to elicit answers regarding prior convictions from the appellant. Those questions could very well have elicited answers that were much more prejudicial than probative. However, appellant's answers to these questions did not produce prejudicial evidence. Appellant's answers indicated that he knew a few of the police officers and he spoke to them when he saw them. Appellant also indicated he better not answer whether there were other occasions he had been in trouble with the police department because something might slip his mind, and then answered, "I'm not sure." T. at 402. We conclude that even though the state's questions exceeded the scope necessary to confront the appellant regarding prior convictions, the resulting answers from appellant were not prejudicial to appellant. Therefore, we find that under the circumstances of the case sub judice, it was not error for the trial court to allow the state to pursue the questioning of the appellant as to other prior convictions. We find that it was error to allow the state to pursue questioning that dealt with other brushes and/or contacts with the law and other trouble with the police department. However, we find this error to be harmless based on the answers elicited and based on the strength of the other evidence of appellant's guilt. Appellant's first assignment of error is overruled.
Continued on EVEGE PART II
Continued from on EVEGE PART I:
 II.
In his second assignment of error, appellant claims he was denied a fair trial due to the state's use of impermissible questions. Appellant contends that the state's questions to appellant as to whether marijuana was something strange to him, whether he had ever been in other trouble with the law and about a prior conviction for possession of marijuana caused the jury to believe that it was more likely that appellant was guilty of the present charges. In his argument, appellant argues that the questions and actions of the prosecutor constituted prosecutorial misconduct. We disagree. We will begin our analysis with the issue of prosecutorial misconduct. The test for prosecutorial misconduct is whether the prosecutor's conduct at trial was improper and prejudicially affected the substantial rights of the defendant. State v. Lott (1991), 51 Ohio St.3d 160, 555 N.E.2d 293, cert. denied 498 U.S. 1017, 111 S.Ct. 591,112 L.Ed.2d 596. A prosecutor's conduct cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24, 514 N.E.2d 394. We find that the exchange complained of does not constitute prosecutorial misconduct. As discussed in Assignment of Error I, we found it was not error for the state to pursue appellant's testimony regarding other prior convictions after appellant had placed any and all prior convictions in issue. In addition, the objection made by appellant to the specific question regarding whether appellant had a prior conviction for a marijuana offense was sustained. The question was never answered. The trial court also instructed the jury not to draw an inference or speculate upon the truth or suggestion included in a question not answered. We did, however, find that the questions by the state regarding other contacts with the law or other trouble with the police department to be error. However, based on the innocuous answers given by the appellant to these questions, we found no prejudice. Therefore, we find no denial of a fair trial based on these questions of the state. The other question by the state that appellant alleges denied him of a fair trial was the question asking appellant if marijuana was something strange to appellant. However, the state asked this question after appellant's counsel had asked appellant if appellant's past felony conviction regarding an overloaded truck involved a truckload of marijuana. Appellant's counsel put appellant's familiarity with marijuana before the jury. We do not find that the state's question at that point to appellant denied appellant a fair trial. Even if all of the above questions of the state were improper, we cannot find that the appellant was denied a fair trial. The evidence of guilt was overwhelming in this case, including the testimony of an informant, police investigators that overheard the transactions and audiotapes of the transactions, all substantiating that appellant sold drugs to the informant. Further, if it were prosecutorial misconduct to question appellant regarding his past experiences with marijuana and his other prior convictions, we find that it was invited error. As we stated in Assignment of Error I, a party cannot complain of, or benefit from, error that a party invited. State v. Combs (1991), 62 Ohio St.3d 278, 581 N.E.2d 1071. Whether defense counsel, either intentionally or unintentionally led the opposition or court to commit, such error cannot be successfully complained of on appeal. State v. Jones (1996), 114 Ohio App.3d 306. See also State v. Jennings (November 24, 1982), Ashland App. No. CA-770, unreported, 1982 WL 5564. Appellant was asked about prior felony convictions and his answer insinuated that he had the felony to which he testified and a speeding ticket, only. Appellant concluded that he tried to do right. At that point, any error, if any, committed in order to clarify his past criminal activity, was invited error. We find that appellant was not denied a fair trial. Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant argues that the trial court erred by making comments that may have been construed by the jury as impartiality by the court. The trial court stated to the prosecution that "[i]f we're going to get a conviction in this case, you have to follow the rules." Tr. 403. The Ohio Supreme Court has noted that juries are highly sensitive to every utterance by the trial judge and that some comments may be so highly prejudicial that even a strong admonition by the judge to the jury, that they are not bound by the judge's views, will not cure the error. State v. Thomas (1973), 36 Ohio St.2d 68,303 N.E.2d 882. In State v. Wade (1978), 53 Ohio St.2d 182, 188,373 N.E.2d 1244, vacated in part, Wade v. Ohio (1978), 438 U.S. 911,98 S.Ct. 3138, 57 L.Ed.2d 1157, the Court set forth five factors to be considered in determining whether a trial court's comments were prejudicial:
 (1) The burden of proof is placed upon the defendant to demonstrate prejudice,
 (2) it is presumed that the trial judge is in the best position to decide when a breach is committed and what corrective measures are called for,
 (3) the remarks are to be considered in light of the circumstances under which they are made,
 (4) consideration is to be given to their possible effect on the jury, and
 (5) to their possible impairment of the effectiveness of counsel.
In the case sub judice, no objection was made to the trial court's comment. As such, all but plain error is waived. State v. Slagle (1992), 65 Ohio St.3d 597, 604, 605 N.E.2d 916. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph three of the syllabus; State v. D'Ambrosio (1993), 67 Ohio St.3d 185,616 N.E.2d 909. While the comment may be viewed to connote an affiliation between the trial court and the prosecution, the context reveals that it was a rebuke of the state when the trial court perceived that the state was failing to follow the directions of the court. Further, the trial court attempted to cure any error. Before the jury retired for deliberations, the trial court instructed the jury that it was required to disregard any statement of the court which "indicates to you something about the court's view on the facts" and instructed the jury to decide the case themselves based upon the law provided. Tr. 449. The evidence of guilt was overwhelming, as discussed previously. We cannot conclude that the outcome of the trial clearly would have been different but for the comment, though we find that the comment was highly inappropriate. Under the circumstances of this case, we find that no plain error was committed.
 IV
In appellant's fourth and final assignment of error, appellant claims that the trial court erred when it permitted a complete Judgment Entry of Defendant's prior felony conviction for bribery to be admitted into evidence and sent back with the jury for its consideration. Defense counsel objected to this exhibit arguing that the defendant had admitted, under oath, to the conviction and that the Judgment Entry contained "irrelevant information." Tr. 404. The Judgment Entry in question set forth the punishment received by appellant as a result of his prior conviction for bribery and included other information, all of which appellant alleges was unfairly prejudicial. Appellant contends that the language contained on the Judgment Entry may have swayed the jurors in their decision to find appellant guilty. We disagree. The trial court is vested with discretion in determining the admissibility of evidence. Evid.R. 104. Any error in the admission of evidence must be analyzed under an abuse of discretion standard of review. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Appellant, in his brief, argues that the Judgment Entry was not relevant evidence under Evid.R. 401. Further, appellant argues that even if the Judgment Entry were relevant, the entry should not have been entered or should have been modified to exclude unfairly prejudicial statements, pursuant to Evid.R. 403(A). Evidence Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." All relevant evidence is admissible, except as otherwise provided by law. Evid.R. 402. Evidence Rule 403(A) calls for the mandatory exclusion of relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Appellant argues that appellant had already admitted his conviction during his testimony and therefore, the Judgment Entry was not relevant. He argues that the Judgment Entry did not make it more or less probable that he was convicted since the jurors could already make that determination based upon questions posed to appellant on cross-examination. While the Judgment Entry may have been redundant to appellant's admission of the conviction, relevant evidence includes prior convictions, including use for impeachment purposes. A prior conviction, admissible subject to Evid.R. 609, is relevant to the accused's credibility. State v. Moore (1988), 40 Ohio St.3d 63, 65, 531 N.E.2d 691. See Evid.R. 609(A); State v. Wright (1990), 48 Ohio St.3d 5, 7,548 N.E.2d 923. Even though we find that the prior conviction was relevant, appellant argues that it should have been excluded pursuant to Evid.R. 403(A). The admissibility of the accused's prior convictions and the role of Evid.R. 403 to such a conviction is specifically addressed in Evid.R. 609:
 [N]otwithstanding Evid.R. 403(A), but subject to Evid.R. 403(B), evidence that the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the accused was convicted and if the court determines that the probative value of the evidence outweighs the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
Evidence Rule 609(A)(2) specifically is subject to Evid.R. 403(B). Decisions regarding the admissibility of prior convictions to impeach the accused must be made by considering both Evid.R. 609(A)(2) or (3) and Evid.R. 403(B). Evidence Rule 403(A) is thereby inapplicable to the issue at bar. Appellant limited his argument to Evid.R. 403(A). Although Evid.R. 403(B) and 609 are not argued by appellant's counsel on appeal, appellee raises the issue in the state's brief. Appellee argues that impeachment through Evid.R. 609 requires evidence of a conviction. In the interest of justice, we find that we must consider appellant's assignment of error under Evid.R. 403(B) and 609. Evid.R. 609(A)(2) sets forth the analysis for the trial to make before determining whether to admit a prior conviction of the accused for impeachment purposes. Evid.R. 609(A)(1) and Evid.R. 403(A) sets forth the analysis for the trial to make before determining whether to admit a prior conviction of a witness other than the accused for impeachment purposes. The staff notes to Evid. Rule 609(A) address the differences in the analysis:
 The risk that a jury would misuse evidence of the prior conviction as evidence of propensity or general character, a use which is prohibited by Evid.R. 404, is far greater when the criminal accused is impeached. . . . [A]dmissibility of prior conviction is more readily achieved for witnesses other than the accused. Evidence Rule 403 requires that the probative value of the evidence be "substantially" outweighed by unfair prejudice before exclusion is warranted. In other words, Evid.R. 403 is biased in favor of admissibility. This is not the case when the accused is impeached by a prior conviction under Evid.R. 609 (A) (2); the unfair prejudice need only outweigh probative value, rather than "substantially" outweigh probative value.
 Evid.R. 609, Staff Note, 7-1-91 Amendment, Rule 609(A) Discretion to Exclude.
Appellee argues that the Judgment Entry is admissible as proof of a conviction under Evid.R. 609, for purposes of impeachment. Appellee cites several cases in which it submits sentencing entries have been found admissible. See State v. Rodriguez (1986), 31 Ohio App.3d 174, 31 OBR 339, 509 N.E.2d 952; State v. Crawford (August 20, 1992), Ashland App. No. 1003, unreported, 1992 WL 207044; State v. Mobberly (March 1, 1996), Ashland App. No. 1010, unreported, 1993 WL 56709. A review of these cases indicate that, in those cases, either the prior conviction was an element of the pending charge or the accused denied the conviction. In this case, appellant admitted to the conviction and the prior conviction was not an element of the charge. In fact, Evid.R. 609(F) provides the methods of proof that can be used to prove a prior conviction of a witness for impeachment purposes. Evid.R. 609(F) states that "the fact of the conviction may be proved only by the testimony of the witness on direct or cross-examination, or by public record shown to the witness during his or her examination." Evid.R. 609(F) further states that "[i]f the witness denies that he or she is the person to whom the public record refers, the court may permit the introduction of additional evidence tending to establish that the witness is or is not the person to whom the public record refers." Pursuant to Evid.R. 609(F), we find that the trial court committed error in admitting the Judgment Entry into evidence. The appellant admitted to the conviction. At that point, since the conviction was being used for impeachment only, there was no need to admit the Judgment Entry. The admission of the Judgment Entry of conviction after the accused has admitted the prior conviction is not included under the methods of proof set forth in Evid.R. 609(F). We must now consider whether the error was an abuse of discretion. The prior conviction was admitted to by appellant. However, the appellant did try to downplay the seriousness of the offense. The documentary proof of the prior conviction may have been repetitious but certainly it was not prejudicial. While it was error to admit the Judgment Entry pursuant to Evid.R. 609(F), we do not find that it rises to the level of an abuse of discretion. Appellant further argues that material included on the Judgment Entry was prejudicial. In the Judgment Entry, the jury was presented with the sentence appellant received for the prior conviction, including the trial court's order to refrain from consuming alcoholic beverages or any controlled substances and mandatory attendance at Alcoholics Anonymous and appellant's disqualification from holding any public office, employment or position of trust in the state. While we find this evidence irrelevant, we do not find that providing of the sentence and other information on the Judgment Entry to the jury had a prejudicial effect, considering that the jury was rightfully aware of the felony conviction due to appellant's testimony at trial and the overwhelming strength of the evidence of guilt. Appellants fourth assignment of error is overruled.
By EDWARDS, J. GWIN, P.J. and HOFFMAN, J. concurs.