DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from the Lucas County Court of Common Pleas, which entered a judgment on a jury verdict finding appellant Steven Forgette guilty of involuntary manslaughter. For the reasons that follow, we affirm.
On February 2, 2000, appellant and his co-defendant, David Brown, were jointly indicted for the murder of Deontre Hicks. Young Hicks had been asleep on a couch in his home when the house was fired upon by some twenty-two shots, and one struck him in the head. The indictment alleged that both appellant and Brown caused the death of Deontre Hicks; it did not specify who fired the shots. At separate trials, both appellant and Brown were found guilty of involuntary manslaughter.
Brown testified against appellant at appellant's trial. According to Brown's testimony, Brown drove the car to the Hicks home and appellant fired the shots. Defense counsel successfully cross-examined Brown about the fact that Brown had been convicted of involuntary manslaughter for the same incident. However, defense counsel was not permitted to cross-examine Brown about the identity of the "shooter." The following exchange took place during Brown's cross-examination at appellant's trial:
 "Q. [DEFENSE COUNSEL:] Mr. Brown, you were actually convicted of the shooting of the young man, weren't you?
"[PROSECUTOR]: Judge, objection. May we approach?
 "THE COURT: Objection will be sustained. Counsel may approach.
"* * *.
 "THE COURT: The objection will be sustained. The jury will disregard the question.
 "Q. [DEFENSE COUNSEL:] Your conviction had to do with causing the death?
"A. Yes, sir.
"[PROSECUTOR] Objection, Judge. Same objection.
 "THE COURT: Pertains to this case. He's entitled to cross with respect to the conviction. The State brought it out, and brought out the fact that it pertained to this case, so —
 "[PROSECUTOR]: His conviction was for involuntary manslaughter.
 "THE COURT: That's correct. You are well aware the element is did he cause a death. Those elements, of course, the jury will be instructed on because that's the charge that's before —
 "[PROSECUTOR]: I understand the Court's ruling. In that regard I withdraw the objection."
Additionally, defense counsel was unsuccessful in cross-examining Matthew Miller on prior acts of alleged thievery. On direct examination, Miller had provided crucial testimony against Forgette. However, Miller had also testified on direct examination that he originally told friends that he had committed the crime when he actually did not commit it. According to Miller, he falsely admitted to the crime to "get a reputation." The defense's apparent theory with regard to Miller was that Miller was a liar and could not be believed. After it had been established both on direct and cross-examination that Miller was a car thief, the following exchange took place on cross-examination:
 "Q: Now, but as far as what you allegedly supposedly heard Mr. Forgette say, there is no way we can check that, is there?
"A. I guess not.
"Q. We just have to rely on your word?
"A. I guess.
"Q. A car thief?
"A. I guess.
"Q. And you've stolen from your mother, too, haven't you?
"[PROSECUTOR]: Objection.
"THE COURT: Sustained."
At the close of evidence the jury found appellant guilty of involuntary manslaughter. Appellant now appeals, setting forth the following two assignments of error:
"Assignment of Error No. 1
 "THE TRIAL COURT ERRED BY NOT ALLOWING THE DEFENDANT TO CROSS EXAMINE A STAT[E] WITNESS ON UNDERLYING FACTS RELATING TO THAT WITNESS['S] CONVICTION WHEN THAT CONVICTION DIRECTLY RELATES TO THE OFFENSE FOR WHICH THE DEFENDANT IS CHARGED
"Assignment of Error No. 2
 "WHEN THE STATE INTRODUCES REPUTATION EVIDENCE, THE COURT ERRS IN NOT ALLOWING DEFENDANT TO FULLY CROSS EXAMINE A WITNESS ON THEIR REPUTATION."
Pursuant to Evid.R. 611, trial courts must exercise reasonable control over the questioning of witnesses. That rule provides, in pertinent part:
 "(A) Control by court. The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.
 "(B) Scope of cross-examination. Cross-examination shall be permitted on all relevant matters and matters affecting credibility.
"* * *."
Further, trial courts have discretion to decide the scope of cross-examination. According to the Supreme Court of Ohio:
 "The scope of cross-examination and the admissibility of evidence during cross-examination are matters which rest in the sound discretion of the trial judge. Thus, when the trial court determines that certain evidence will be admitted or excluded from trial, it is well established that the order or ruling of the court will not be reversed unless there has been a clear and prejudicial abuse of discretion." O'Brien v. Angley (1980), 63 Ohio St.2d 159, 163.
See, also, State v. Green (1993), 66 Ohio St.3d 141, 147, certiorari denied (1993), 510 U.S. 891.
Appellant contends in his first assignment of error that the trial court erred in not allowing him to cross-examine David Brown about the facts underlying his conviction. Apparently, appellant sought to have Brown testify that, given the state of the evidence in Brown's case, the jury must have convicted Brown of being the shooter. However, Brown's conviction for involuntary manslaughter did not require the jury to determine the identity of the shooter since the indictment only alleged that both appellant and Brown caused the death of Deontre Hicks. Thus, the jury could have believed that Brown was the shooter, or it could have believed that appellant was the shooter. The jury's verdict in Brown's case only indicates that Brown was somehow involved in the death of Deontre Hicks. Brown would have to speculate in order to testify as to the role the jury believed he played in the death of Deontre Hicks. We cannot say that it was a clear and prejudicial abuse of discretion for the trial court to exclude this line of questioning.
Accordingly, appellant's first assignment of error is found not well-taken.
In his second assignment of error, appellant contends that he was not allowed to fully cross-examine on Miller's reputation. Specifically, appellant challenges the trial court's ruling denying cross-examination of Miller about whether Miller had stolen from his mother. In our view, appellant was not trying to cross-examine on Miller's reputation; he was trying to cross-examine Miller about specific acts in order to attack his credibility. Evid.R. 608 applies to this sort of questioning. That rule provides, in pertinent part:
 "(B) Specific instances of conduct. Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.
"* * *."
Thus, according to the rule, if the specific acts are clearly probative of the witness's truthfulness or untruthfulness, the court, in its discretion, may allow a witness to be cross-examined about those specific acts.
There is some authority holding that a witness may not be cross-examined about specific acts of criminal conduct when that conduct did not result in a conviction. See State v. Rodriguez (1986),31 Ohio App.3d 174, 176; State v. Pickens (Mar. 5, 1999), Erie App. No. E-96-069, unreported. Nevertheless, even assuming that this evidence was technically admissible, the trial court did not abuse its discretion in not allowing it. Since Miller had already testified on direct and cross-examination that he was a car thief and a liar (he testified that he had lied about committing the crime), the exclusion of additional testimony that Miller stole from his mother could not have prejudiced appellant. Accordingly, appellant's second assignment of error is found not well-taken.
Upon consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 ________________________ Peter M. Handwork, JUDGE
Melvin L. Resnick, J. and Mark L. Pietrykowski, P.J. CONCUR.