THE STATE OF OHIO, APPELLEE, *v.* FRICKE, APPELLANT.

(No. C-830415—Decided March 21, 1984.)

*Mr. Arthur M. Ney, Jr.,* prosecuting attorney, *Ms. Julie K. Wilson* and *Ms. Melba Marsh,* for appellee.

*Mr. William F. Fitzgerald,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

Defendant-appellant, Charles F. Fricke, was indicted on a charge of aggravated robbery (in violation of R.C. 2911.01) and one of robbery (in violation of R.C. 2911.02). After trial before a jury, Fricke was found guilty of aggravated robbery. The trial court entered judgment against him and he was sentenced as of record. The present appeal ensues.

On December 12, 1982 the Captain

D's restaurant on Chester Road in Hamilton County, Ohio was robbed of $1,355. At approximately 2:00 a.m. on the above date Craig Brandenburg, an employee of Captain D's, was carrying garbage from the restaurant to a dumpster behind the building. A man appeared, escorted Brandenburg back inside the building, pulled out a gun, and proceeded to rob the restaurant. The robber forced Brandenburg and the only other employee present into the restaurant's cooler and locked them in. By the time the employees were able to free themselves — approximately one and one-half to two minutes later — the robber had disappeared.

The employees then immediately called the police. Later that evening at the police station, Brandenburg picked defendant Fricke's picture out of a photo lineup and in conjunction with his co-employee agreed upon a composite drawing of the robber. At trial Brandenburg identified Fricke as the man who had robbed Captain D's on December 12, 1982.

Fricke claims on this appeal that the trial court committed reversible error in two respects which constitute his two assignments of error. First, he alleges that the trial court erred in admitting the state's composite drawing into evidence. Prior to trial Fricke filed a motion in accordance with Crim. R. 16 requesting discovery of "[a] list of all tangible evidence which the State intends to use at trial. * * *" The state failed to give notice to Fricke before trial that it intended to introduce the composite drawing into evidence because it claims that it was unaware of the composite's existence until a witness mentioned it at trial.

The trial court was required to apply Crim. R. 16(E)(3)[1] in determining what action to take against the state for its failure to comply with Fricke's motion for discovery. In order to find reversible error in the trial court's application of Crim. R. 16(E)(3) and its decision to admit the composite drawing into evidence, we must reach two conclusions: (1) the trial court *abused its discretion* in admitting the composite drawing into evidence, *State* v. *Edwards* (1976), 49 Ohio St. 2d 31, 42 [3 O.O.3d 18], vacated on other grounds (1978), 438 U.S. 911; *State* v. *Smith* (May 13, 1981), Hamilton App. No. C-800361, unreported; and, (2) Fricke was prejudiced by the composite's admission as a result of the state's failure to timely provide the composite in compliance with Fricke's motion for discovery, *State* v. *Mitchell* (Dec. 8, 1982), Hamilton App. No. C-811005, unreported.

Assuming *arguendo* the validity of all of Fricke's factual assertions — including his implication that the prosecution may have been aware prior to trial of the composite's existence — he has failed to demonstrate either that the trial court abused its discretion in admitting the evidence or that he was prejudiced as a result of the state's noncompliance with his motion for discovery.

In response to his own question, Fricke was put on early notice of the existence of the composite by Craig Brandenburg, the trial's first witness. The state laid the foundation for the admission of the composite into evidence with the testimony of its succeeding witnesses, Sharonville Policemen Schappa and Cramer. Fricke at no time during the subject testimony objected to questions regarding the composite. Fricke was also later given the opportunity to examine the composite. He conducted an ex-

---

[1] "Failure to comply. If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, the court *may* order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances." (Emphasis added.)

tensive cross-examination of Lieutenant Cramer, the policeman who, with the assistance of the Captain D's employees, compiled the composite drawing. The cross-examination of Lieutenant Cramer dealt with the procedure he had used to reach the final composite. Only when the state offered the composite drawing into evidence did Fricke finally object because the state had failed to comply with the rules of discovery.

The trial court properly overruled Fricke's objection. There is no showing that Fricke was either ill-prepared or surprised as a result of the appearance of the composite. If he was surprised and needed time to prepare a response to the composite, Fricke could have moved for a continuance, which he chose not to do. As a result we determine that the trial court was not arbitrary in its ruling and did not abuse its discretion. Furthermore, Fricke has demonstrated no prejudice by the state's failure to disclose the existence of the composite prior to trial.

Fricke also argues that a photocopy of the composite drawing was not admissible because of the best evidence rule. The argument is feckless. Under Evid. R. 1003 the photocopy, a "duplicate" of the original, was properly admitted. Fricke's first assignment of error is overruled.

The second reversible error that Fricke claims occurred below concerns the state's questioning of Jeffrey A. Martin (Fricke's witness) about the length of sentences Martin received for his prior criminal convictions. Martin, who had been convicted of multiple robberies and was serving time, testified at trial that he — not Fricke — had robbed Captain D's on December 12, 1982. On cross-examination in response to the state's question, Martin admitted that he had been sentenced to a term of eighteen to one hundred thirty-five years in prison. The state argued that Martin had nothing to lose by admitting to one additional robbery. Fricke claims that the trial court improperly allowed the state's question and

Martin's answer regarding the length of his sentence.

Evid. R. 609, which governs impeachment of a witness by evidence of his conviction of a crime, makes no specific mention of what details of the former crime may be elicited. However, this court has held on many occasions that, in order to attack the credibility of a witness, the prosecutor may inquire about that person's prior convictions, limited to ascertaining the fact of conviction and the name of the offense. State v. Armstrong (March 11, 1981), Hamilton App. No. C-800189, unreported; State v. Riley (Aug. 13, 1980), Hamilton App. No. C-790631, unreported.

Because of the special reason for which Martin was called to testify, despite the general rule that questioning for impeachment by prior conviction is limited in scope, we find that the prosecution was properly given greater latitude in questioning Martin with regard to the length of his sentence. While the length of a witness' sentence is generally not relevant in determining his credibility, its probative value in the instant factual scenario (where the length of sentence may give the witness reason to prevaricate) greatly outweighs any prejudicial impact it might have.

We also determine that even if it were error for the trial court to allow questioning regarding the length of Martin's sentence, it was harmless error beyond a reasonable doubt. Moreover, Martin's testimony was filled with multiple inconsistencies.

For the above reasons the second assignment of error is not well-taken. Both assignments of error having been overruled, we affirm the judgment of the court below.

*Judgment affirmed.*

KEEFE, P.J., SHANNON and KLUSMEIER, JJ., concur.