THE STATE OF OHIO, APPELLANT, *v.* WRIGHT, APPELLEE.

[Cite as State *v.* Wright (1990), 48 Ohio St. 3d 5.]

(No. 88-1507—Submitted October 18, 1989—Decided January 3, 1990.)

*Lee C. Falke,* prosecuting attorney, and *Lorine M. Reid,* for appellant.

*Hochman & Associates* and *William H. Barney III,* for appellee.

*Randall M. Dana,* public defender, and *George A. Lyons,* urging affirmance for *amicus curiae,* Ohio Public Defender Commission.

ALICE ROBIE RESNICK, J. The question before us in this case is the extent of the trial court's discretion under Evid. R. 609. We, therefore, must construe Evid. R. 609 in light of Evid. R. 403.

In ruling on the appellee's request to exclude all testimony relating to his prior convictions, the trial court was concerned with the scope of discretion it possessed under Evid. R. 609.[1] We glean from the trial court's statements that it was unsure as to the ambit of this discretion.

---

[1] The trial judge stated that "* * * if we look at 609 by itself, with nothing else, there's no question but that the prosecutor has a right to ask him whether or not he was convicted of a crime in which the penalty was more than one year and ask him the nature of the crime; so if we just read 609, there's no question that that can be asked. The only question in my judgment relates to the discretion that is given under Evidence Rule 403, and that's what is troublesome to me. * * * There is some Cuyahoga County Court of Appeals case that has decided since the adoption of the rules in which there is dictum, or at least an inference that I don't have any discretion when it comes to the name and date of the offense. I happen to disagree with that, but nevertheless, that appellate decision says that when counsel seeks to impeach a witness on cross-examination with evidence of a crime committed by the witness, the Court has discretion to prohibit questions which ask more than the name and date of the offense where the conviction is admissible solely to impeach general credibility. The inference there would be that I don't have any discretion when it comes to the identification of the name of the offense. I happen to disagree with that, but nevertheless, that's what one Court of Appeals has said. Then there's a later Court of Appeals case coming out of Hamilton County which interprets Evidence Rule 609, and of course, 403 was in effect too, in which Evidence Rule 609 makes no specific mention of what details of a prior conviction may be elicited; however, generally the prosecutor is limited to ascertaining the facts of conviction and the name of the offense. That's * * * [*State* v. *Fricke* (1984), 13 Ohio App. 3d 331, 13 OBR 409, 469 N.E. 2d 1035,] which was decided in 1984.

"Prejudicial or otherwise, the defendant made his record and I think within the rules, particularly within 609, the prosecutor has the right to inquire as to the facts that he was indeed convicted and his parole was terminated within the ten-year period; and it's my ruling that the prosecutor can ask that fact and he can ask the statutory nature of the offense and no more, and that's my ruling.* * *"

Pursuant to the trial court's ruling, the prosecutor proceeded on cross-examination to question both appellee and appellee's character witness as to appellee's two prior convictions. The court of appeals found that the trial court erred in determining that its discretion was limited as to this testimony, and that it was required to allow questions concerning the nature of the prior convictions. The court of appeals held that the testimony relating to the prior convictions should have been subjected to the appropriate balancing test under Evid. R. 403. Lastly, the court of appeals ruled that when applying the proper test, the testimony in question should have been excluded.

Evid. R. 609(A) sets forth the general rule for impeachment by use of evidence of convictions, providing, that "[f]or the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, or (2) involved dishonesty or false statement, regardless of the punishment whether based upon state or federal statute or ordinance." The underlying policy reason for this rule was set forth in *State* v. *Elliott* (1971), 25 Ohio St. 2d 249, 54 O.O. 2d 371, 267 N.E. 2d 806, wherein we stated that "[a] character witness may be cross-examined as to the existence of reports of particular acts, vices, or associations of the person concerning whom he has testified which are inconsistent with the reputation attributed to him by the witness—not to establish the truth of the facts, but to test the credibility of the witness, and to ascertain what weight or value is to be given to his testimony. Such inconsistent testimony tends to show either that the witness is unfamiliar with the reputation concerning which he testified, or that his standards of what constitutes good repute are unsound." *Id.* at paragraph two of the syllabus.

With this in mind, we agree with the court of appeals' determination that Evid. R. 609 does not "oust" or outweigh Evid. R. 403. Rather, we find that Evid. R. 609 must be read in conjunction with Evid. R. 403. Thus, the trial court does possess broad discretion under Evid. R. 609 to determine the extent to which it will be allowed. The trial judge must weigh all the factors in making this determination. This holding is consistent with that reached in *State* v. *Amburgey* (1987), 33 Ohio St. 3d 115, 515 N.E. 2d 925, wherein the court stated that "[u]nder Evid. R. 609, a trial court has broad discretion to limit any questioning of a witness on cross-examination which asks more than the name of the crime, the time and place of conviction and the punishment imposed, when the conviction is admissible solely to impeach general credibility." *Id.* at the syllabus.

Having established the extent to which the trial court possesses discretion under Evid. R. 609, we shall now consider whether the trial court in the case at bar properly admitted the testimony relating to appellee's prior convictions.

At trial, appellee produced his employer as a character witness, who testified that the appellee was an independent worker who needed very little supervision, and was trustworthy, responsible and honest. The witness also stated that he had co-signed a loan for appellee. On cross-examination, the witness was asked questions concerning appellee's prior convictions, including the name of the offenses. Thereafter, appellee himself took the

stand and was also asked about his prior convictions, including the name of the offenses.

Evid. R. 403(A) provides that "[a]lthough relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." Our application of the balancing test under Evid. R. 403 leads us to the conclusion that the trial court was correct in allowing the state to cross-examine the appellee and his character witness as to the nature of appellee's prior convictions. By calling his employer as a character witness it was appellee who first placed his character into question. Based upon the nature of this testimony, it was appropriate for the state to test the character witness' credibility, his standards for truthfulness and his knowledge of the appellee. Lastly, we note that Evid. R. 403 speaks in terms of unfair prejudice. Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid. R. 403 prohibits.

In summary, we hold that the trial court must consider Evid. R. 609 in conjunction with Evid. R. 403. Therefore, the trial judge has broad discretion in determining the extent to which testimony will be admitted under Evid. R. 609. When exercising this discretion, all relevant factors must be weighed. After reviewing the record, we find that the trial judge did not abuse his discretion in allowing the prosecutor to question the appellee and appellee's character witness concerning the statutory nature of appellee's two prior convictions for gross sexual imposition.

Accordingly, the judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.