Appellant Yusef Trammell is appealing his conviction, in the Stark County Court of Common Pleas, of one count of escape, one count of possession of cocaine, and one count of assault. The following facts give rise to this appeal.
On June 13, 1997, appellant was released, from prison, after serving time on a burglary conviction. Following his release, Mark Ritzman was assigned appellant's parole officer. The incident giving rise to appellant's current conviction occurred on July 28, 1997. On this date, a man and women, in a minivan, approached Officer Robert Smith, of the Canton Police Department, and informed Officer Smith that they had just witnessed a drug transaction at the corner of Sixth Street and Walnut Avenue. The witnesses described the transfer of a small plastic baggy and described two suspects, both black males, dressed in dark clothing. The witnesses also noticed some Cleveland Indians' apparel.
Upon receiving this information, Officer Smith began driving west on Sixth Street towards the intersection of Sixth Street and Market Avenue. Officer Smith spotted appellant and his brother, Thelonious Driver, approximately a block from the intersection of Sixth Street and Market Avenue. Appellant was wearing a white Cleveland Indians' tank top and dark pants.
Officer Smith stopped his cruiser and approached appellant and his brother and informed them that he was investigating a reported drug transaction. Appellant repeatedly told Officer Smith that he was coming from his father's place of employment, a car wash/detailing garage. Officer Smith asked appellant if he could conduct a pat-down search of appellant's person. Appellant consented. While conducting the pat-down search, Officer Smith felt, in appellant's left front pocket, a bag which contained a hard substance which Officer Smith believed to be crack cocaine. The substance retrieved from appellant's pocket later tested positive for crack cocaine.
At that point, Officer Smith informed appellant that he was going to place him under arrest and grabbed appellant's right arm to put it behind his back in order to handcuff him. Appellant spun around and pushed Officer Smith. Officer Smith used his left arm to put appellant in a headlock and take him to the ground. While in the headlock, appellant bit Officer Smith's left ring finder and escaped his hold. Appellant fled on foot and although Officer Smith chased him, he was unable to capture appellant. When Officer Smith returned to his cruiser, Thelonious Driver had also fled. However, witnesses informed Officer Smith that Driver ran in the direction of the Stark County District Library. Officer Smith subsequently found appellant on Market Avenue, in front of the library, and took him to the Canton Police Department.
On November 5, 1997, the Stark County Grand Jury indicted appellant on a seven-count indictment. The first four counts were for rape, kidnaping, aggravated burglary and aggravated robbery. The trial court granted appellant's motion to sever these counts from the remaining three counts of the indictment. A jury heard evidence on counts one through four, of the indictment, and found appellant not guilty of all four counts. The trial concerning the remaining three counts commenced on January 5, 1998.
At trial, appellant's parole officer testified that appellant complied with his initial post-release requirements in June and July of 1997. During his appointment, with his parole officer, on June 17, 1997, appellant signed a condition of parole form. The form contained a warning that if appellant absconded or failed to keep his supervising officer aware of his place of employment or residence, appellant could be charged with escape. On July 29, 1997, Officer Smith telephoned appellant's parole officer and informed him that appellant had assaulted him and fled. On August 6, 1997, appellant telephoned his parole officer but would not give him his whereabouts. The parole officer told appellant to immediately report or face escape charges. Appellant failed to report and was subsequently arrested in October of 1997.
Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to determinate terms of seven years on the escape count, fifteen months on the possession of cocaine count and seventeen months on the assault count. The trial court ordered that all the terms of incarceration be served consecutively. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE APPELLANT WAS DENIED HIS RIGHT TO A FAIR TRIAL DUE TO THE PROSECUTOR'S MISCONDUCT.
 II. APPELLANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.
 III. TRIAL COURT ERRED IN ADMITTING THE PRIOR TESTIMONY OF THE APPELLANT IN VIOLATION OF EVID. RULE 804(B)(1) AND IN VIOLATION OF THE APPELLANT'S RIGHT NOT TO INCRIMINATE HIMSELF.
 IV. THE JURY ERRED IN FINDING THE APPELLANT GUILTY OF ESCAPE.
 I
In his first assignment of error, appellant contends he was denied a fair trial due to the prosecutor's misconduct. We disagree.
The test for prosecutorial misconduct is whether the prosecutor's conduct, at trial, was improper and prejudicially affected the substantial rights of the defendant. State v. Lott
(1991), 51 Ohio St.3d 160, 165, certiorari denied112 L.E.2d 596. A prosecutor's conduct, during trial, cannot be grounds for error unless the conduct deprives the defendant of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19, 24. However, because defense counsel did not object to the alleged prosecutorial misconduct, we must analyze this assignment of error under a plain error analysis. In order to prevail under a plain error analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v.D'Ambrosio (1993), 67 Ohio St.3d 424, 437; State v. Long
(1978), 53 Ohio St.2d 91, paragraph three of the syllabus. It is based upon this standard that we review appellant's first assignment of error.
Appellant cites several examples of alleged misconduct in support of his first assignment of error. First, appellant refers to the prosecutor's cross-examination of appellant when the prosecutor asked appellant how Officer Smith conducted the pat-down search. The prosecutor challenged appellant's testimony that Officer Smith roughed him up during the pat-down search. The following exchange occurred during cross-examination:
 Q. You just told us [Officer Smith] held you by the neck. Your hands were on the car, and he moved his legs with your legs?
A. Yes.
 Q. Now, that is a far cry from being slammed in the car, isn't it?
A. I never said I was slammed into the car.
Q. Well, [Thelonious Driver] did, didn't he?
A. That's my brother's choice of words.
Q. Those are two different stories, aren't they?
A. No.
Q. You are saying those are the same stories?
A. Of course. Different choice of words.
 Q. Okay. Well, let me talk about some other choice words. You're not above burglarizing homes?
 A. Eight years ago I burglarized a home. Tr. Vol. II at 215-216.
Appellant maintains that although pursuant to Evid.R. 609(A)(2) the prosecutor was permitted to attack his credibility by questioning him about his past criminal history, the prosecutor should have contained the questioning to issues of credibility. Appellant argues the prosecutor's intent was to prejudice the jury by implying the appellant must have also committed these crimes since he was guilty of committing a crime in the past.
We find the prosecutor did not commit misconduct as a result of the manner in which he questioned appellant. Evid.R. 609(A) provides:
(A) General rule
 For the purpose of attacking the credibility of a witness:
 (1) subject to Evid.R. 403, evidence that a witness other than the accused has been convicted of a crime is admissible if the crime was punishable by death or imprisonment in excess of one year pursuant to the law under which the witness was convicted.
In the case of State v. Amburgey (1987), 33 Ohio St.3d 115, the Ohio Supreme Court explained that:
 Under Evid.R. 609, a trial court has broad discretion to limit any questioning of a witness on cross-examination which asks more than the name of the crime, the time and place of conviction and the punishment imposed, when the conviction is admissible solely to impeach general credibility. Id. at syllabus.
In the case sub judice, we find the prosecutor properly limited his questioning to the nature of the crime appellant committed. This information is admissible under Evid.R. 609(A) since it was elicited on cross-examination during an attack of appellant's credibility. Even if we were to find the prosecutor committed misconduct, under a plain error analysis, the outcome of the trial clearly would not have been otherwise.
Appellant next challenges comments that were made during closing argument. Before we review the statements made by the prosecutor, during closing argument, we note that the record indicates defense counsel did not object to any of the statements. We therefore analyze these statements under a plain error analysis. Appellant first cites to the prosecutor's comments concerning appellant's prior conviction. The prosecutor stated:
 With regard to escape, * * *, no one can dispute that between July 17 and October 27, 1997, this Defendant knowing he was under detention, he signed the conditions of parole, Mr. Ritzman told us he was still under detention, purposely broke detention while he was being held for an aggravated felony, the second degree, the prior burglary way back in 1989, which he's gone to prison once before back out, something happened. He went back in and then he was back out again. But he knew he was under detention, and he knowingly broke detention.
 Now, he claims, well, you know, I just — I don't know, I was scared, but I asked him the question, well, what the heck were you doing between July 17, 1997 and October 1997? * * *.
 The silence was definite. He didn't have an answer.
 He told us, you know, going back to Mark Ritzman wouldn't have been hard work, but he didn't do it. He didn't do it. He broke detention. Tr. Vol. II at 236-237.
As with appellant's first argument, we find the prosecutor properly referred to appellant's burglary conviction, pursuant to Evid.R. 609(A), as a challenge to appellant's credibility. Further, the prosecutor referred to appellant's burglary conviction to explain to the jury why he was under detention which was required to form a basis for the escape charge. The prosecutor's reference to appellant's prior conviction for burglary, during closing argument, did not result in prosecutorial misconduct and does not rise to the level of plain error.
Appellant also challenges the prosecutor's references to appellant's job. During closing argument, defense counsel asked the jury to consider why appellant would be selling crack cocaine if he was working lengthy hours at a manual labor job. Tr. Vol. II at 244. During rebuttal, the prosecutor made the following statement concerning appellant's job:
 [Appellant] doesn't work hard. How beautifully was that job set up for him to sell crack? Cars come in and out of there all the time, strange cars. How tailor-made is it to this Defendant to run around with this amount of crack and sell it?
* * *
 You know, I don't think [appellant] did much of anything in the way of work or anything from July 17, 1997, like he promised his parole officer he would do until his ultimate arrest on October 27, 1997. Because in his own words, he was on the run. So he's no hard worker.
 That job was nothing more than a way for this Defendant to engage in what he normally does. Tr. Vol. II at 247-251.
We find the prosecutor's comments were inappropriate. The prosecutor made these comments without any evidence to support his claim that appellant was selling crack cocaine from his father's business. Although the prosecutor made these statements, during rebuttal, in an effort to explain why appellant was working lengthy hours, such statements were improperly based upon the sole fact that a high volume of vehicles passed through appellant's father's car wash/detailing business. However, though inappropriate, these statements do not rise to the level of plain error.
Appellant next challenges the prosecutor's comments which he claims appealed to racial prejudices and also challenges the prosecutor's comment that referred to Thelonious Driver as appellant's "jailbird brother". As to the racial comment, the prosecutor stated, during closing argument:
 Now, no officer who is working alone when it's getting close to dark is going to come on two black males who's just been informed that — he was just informed of a crack transaction and decides to beat him up because it's dangerous. Tr. Vol. II at 235.
We find the prosecutor's statement was not improper because he was merely explaining why Officer Smith would not have attempted to rough up these two men. The emphasis of the prosecutor's statement was that the men had just been accused of committing a drug transaction and therefore, the officer, by himself, would not be in a position, for safety purposes, to assault the men.
Appellant also challenges the prosecutor's comment that his brother was a "jailbird". Because no evidence was introduced, at trial, that appellant's brother had a criminal record, we find the prosecutor improperly referred to Thelonious Driver as appellant's "jailbird brother". However, we find such comment, in and of itself, does not rise to the level of plain error.
Appellant's first assignment of error is overruled.
 II
In his second assignment of error, appellant maintains he was denied effective assistance of counsel. We disagree.
The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984),466 U.S. 668. Ohio adopted this standard in the case of Statev. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
Appellant contends he was denied effective assistance of counsel because the prosecutor improperly impeached appellant's credibility with evidence of appellant's prior burglary conviction. As noted in appellant's first assignment of error, we find the prosecutor did not commit misconduct when he referred to appellant's prior conviction pursuant to Evid.R. 609(A). Therefore, defense counsel was not ineffective for failing to object to this line of questioning by the prosecutor.
Appellant also argues defense counsel was ineffective for failing to request a bifurcated trial separating the escape charge from the assault and cocaine charges. Appellant argues that had the charges of assault and cocaine been tried separately, from the charge of escape, his prior criminal record would not have been introduced, at the trial, for assault and cocaine possession. Ohio favors the joinder of multiple offenses in a single trial pursuant to Crim.R. 8(A). In State v. Torres (1981), 66 Ohio St.2d 340, the Ohio Supreme Court explained:
 joinder and the avoidance of multiple trials is favored for many reasons, among which are conserving time and expense, diminishing the inconvenience to witnesses and minimizing the possibility of incongruous results in successive trials before different juries. Id. at 343, citing State v. Thomas (1980), 61 Ohio St.2d 223, 225.
Crim.R. 8(A) provides that:
(A) Joinder of offenses
 Two or more offenses may be charged in the same indictment, information or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character, or are based on the same act or transaction, or are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan, or are part of a course of criminal conduct.
Defense counsel was not ineffective for failing to file a motion to sever count five from counts six and seven. We find the offenses set forth in counts five, six and seven of the indictment were connected by a commonality which made them part of a course of criminal conduct. Count five of the indictment, the escape charge, was the result of appellant's failure to report in with his parole officer. Appellant did not want to report to his parole officer because the parole officer knew, from talking to Officer Smith, that appellant had assaulted Officer Smith after Officer Smith discovered crack cocaine on appellant's person during a pat-down search. We note that the trial court did sever the other counts of the indictment, from counts five, six and seven, which dealt with rape, kidnapping, aggravated burglary and aggravated robbery. Appellant was not denied effective assistance of counsel.
Appellant's second assignment of error is overruled.
 III
In his third assignment of error, appellant maintains the trial court erred when it admitted the prior testimony of appellant in violation of Evid.R. 804(B)(1) and in violation of the appellant's right not to incriminate himself. We disagree.
In this assignment of error, appellant is referring to the fact that the trial court permitted the prosecutor to introduce admissions which appellant made at a separate trial approximately one week earlier. In that trial, appellant admitted Officer Smith stopped him, patted him down, and accused him of possessing cocaine. Appellant also admitted he bit Officer Smith and fled the scene. Tr. Vol. I at 5-7.
Appellant relies upon Evid.R. 804(B)(1) in support of this assignment of error. This Rule of Evidence provides as follows:
(B) Hearsay exceptions
 The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
 (1) Former testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination. * * *
We find appellant improperly relies upon Evid.R. 804(B)(1) because appellant's prior testimony was not hearsay but an admission of a party-opponent as defined in Evid.R. 801 (D)(2). This Rule of Evidence provides:
(D) Statements which are not hearsay.
A statement is not hearsay if:
 (2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity, or (b) a statement of which he has manifested his adoption or belief in its truth, or (c) a statement by a person authorized by him to make a statement concerning the subject, or (d) a statement by his agent or servant concerning a matter within the scope of his agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy.
This Court addressed a similar situation in the case ofState v. Niesz (Dec. 5, 1994), Stark App. No. CA-9231, unreported. In Niesz, we permitted a prosecutor, during a criminal trial, to introduce testimony the defendant had previously given in a civil deposition. We specifically rejected the defendant's contention that Evid.R. 801(B)(1) barred the use of former testimony. We stated:
 At the criminal trial, appellant neither took the witness stand in his own defense nor was he compelled to do so. Nevertheless, prior statements by a defendant are admissible in the criminal trial if they were voluntarily made and are relevant. See Evid.R. 801(D)(2); Miranda v. Arizona
(1966), 384 U.S. 436; Colorado v. Spring (1987), 479 U.S. 564. Appellant does not challenge the voluntariness of his prior civil deposition testimony. Instead, he apparently believes that the state may not introduce prior statements made by a defendant if he exercises his right against self-incrimination at trial. There is no evidence in this record that appellant was compelled to make any statements against his interest. Rather, appellant voluntarily waived his fifth amendment constitutional right in the civil proceeding. That waiver permitted the state to use those statements at the subsequent criminal trial absent a showing that the prior statements were involuntary or irrelevant. Id. at 3.
In Niesz, we also addressed the defendant's contention that the prior testimony violated Evid.R. 804(B)(1) because appellant should not have been deemed "unavailable". We held that:
 [c]ontrary to appellant's argument, we find that he was 'legally unavailable' as a witness in the criminal trial by virtue of his decision to exercise his right against self-incrimination. Id. at 4.
Based upon the above, we find the trial court properly admitted appellant's testimony, from his previous trial, and did not violate Evid.R. 804(B)(1) in doing so.
Appellant's third assignment of error is overruled.
 IV
In his final assignment of error, appellant contends the jury erred when it found him guilty of escape. We disagree.
In support of this assignment of error, appellant argues that his actions, in not reporting to his parole officer in a timely fashion, do not constitute "escape" since he was not under "detention" as defined in R.C. 2921.01(E). The General Assembly amended R.C. 2921.04(E) on October 4, 1996. This statute provides that "detention" means "* * * supervision by an employee of the department of rehabilitation and correction of a person on any type of release from a state correctional institution." Prior to this amendment, the statute did not include supervision of probation or parole. However, since appellant committed the crime of escape, after the General Assembly amended R.C. 2921.01(E), appellant was under "detention" and his actions constituted escape.
Appellant's fourth assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J. and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES
Hon. John W. Wise, P. J., Hon. William B. Hoffman, J., Hon. Sheila G. Farmer, J., JUDGES.