OPINION
Appellant, William Robert Minier, appeals the judgment entry of the Portage County Court of Common Pleas classifying him as a sexual predator.
On May 17, 1999, the Portage County Grand Jury indicted appellant on six counts of rape, in violation of R.C. 2907.02(A)(1)(b), felonies of the first degree; and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4), a felony of the third degree. The victims were appellant's two natural daughters, who were both under the age of thirteen at the time of the offenses. Initially, he entered a plea of not guilty to the charges.
The trial court orally ordered that the testimony of appellant's youngest daughter, one of the victims, be taken by deposition, pursuant to R.C. 2945.481. On September 23, 1999, a videotape deposition was taken of appellant's six-year-old daughter. At the deposition, the young girl revealed that her father "stuck his penis into [her] private." She also related that her father "stuck his private into [her] other part [anus]."
On October 13, 1999, the trial court ordered that the transcript of the adjudicatory hearing, which was held before the juvenile court in April 1999, be released to appellant for trial preparation. On October 18, 1999, appellant filed a "Motion for Another Deposition of Child," alleging that new evidence material to his defense had been discovered that was not found prior to the first deposition of his daughter. The trial court overruled this motion prior to the trial.
A two-day jury trial commenced on October 19, 1999. On November 3, 1999, the jury found appellant guilty of three counts of gross sexual imposition.[1] On February 7, 2000, the trial court held a sentencing hearing. In a judgment entry dated February 9, 2000, appellant was adjudicated a sexual predator pursuant to R.C. 2950.09, and he was sentenced to two years incarceration for each offense. The sentences were to run concurrently. Appellant timely filed this appeal and now assigns the following as error:
 "[1.] The trial court erred in overruling [appellant's] motion for another videotape deposition of the child witness.
 "[2.] The trial court's determination that [appellant] was a sexual predator pursuant to R.C. § 2950.09, was error, and against the manifest weight of the evidence."
 In his first assignment of error, appellant claims that the trial court erred by not allowing another videotape deposition of the child witness. Specifically, appellant argues that he was not given an opportunity to develop a full cross-examination of his daughter as guaranteed by the Confrontation Clause in both the Ohio and United States Constitutions.
The Sixth Amendment to the Constitution of the United States provides: "In all criminal prosecutions, the accused shall enjoy the right to * * * be confronted with the witnesses against him * * *." Further, ArticleI, Section 10 of the Ohio Constitution provides, in relevant part: "In any trial, in any court, the party accused shall be allowed to appear and defend in person and with counsel * * * [and] meet the witnesses face to face * * *."
A criminal defendant's right to confront and cross-examine a witness is not unlimited. Delaware v. Van Arsdall (1986), 475 U.S. 673, 679. A trial court retains "wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." Id. Thus, "`the Confrontation Clause guarantees an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" (Emphasis sic.) Id., quoting Delawarev. Fensterer (1985), 474 U.S. 15, 20. Furthermore, the "constitutional right to cross-examine adverse witnesses does not authorize defense counsel to disregard sound evidentiary rules." State v. Amburgey
(1987), 33 Ohio St.3d 115, 117.
R.C. 2945.481 provides for the taking of a deposition for a child who is less than thirteen years of age in certain circumstances. The statute also provides that the deposition may be videotaped and that the deposition may be admitted into evidence at any proceeding in a prosecution in relation to which the deposition was taken. R.C.2945.481(A)(3), (B). Moreover, R.C. 2945.481(B)(1)(a) requires that "[t]he defendant [have] an opportunity and similar motive at the time of the taking of the deposition to develop the testimony by direct, cross, or redirect examination."
The Supreme Court of Ohio has stated that the use of a child sexual abuse victim's videotaped deposition at trial in place of live testimony does not violate a defendant's right of confrontation guaranteed by theSixth Amendment to the United States Constitution and Section 10, ArticleI of the Ohio Constitution. State v. Self (1990), 56 Ohio St.3d 73, paragraph one of the syllabus.
In the case at bar, after a review of the transcript from the videotape deposition of appellant's daughter taken on September 23, 1999, it is our view that appellant had an opportunity to fully cross-examine the young girl during her deposition. Even though appellant claims that there were inconsistencies between his daughter's testimony at the adjudicatory hearing held in April 1999, and the videotape deposition, which took place on September 23, 1999, appellant's trial counsel stated in an affidavit which accompanied appellant's motion for another deposition of the child that:
 "[he] was aware during the first deposition that may have been inconsistencies in the child's testimony compared to her testimony at the juvenile court, but [he] was not aware of enough specifics to adequately cross exam [sic] her on the specific inconsistencies * * *."
 Further, in the affidavit, appellant's attorney explained that he was "not aware of the specifics because the Adjudicatory Hearing at the Portage County Juvenile Court took place on April 29, 1999, and [his] memory of those events [was] lacking. In addition, [he did] not have any notes of that hearing due to excusable neglect. The notes were mistakenly misplaced at [his] office."
Based on the foregoing statements contained in his affidavit, appellant's attorney admitted there was no newly discovered evidence material to appellant's defense as was claimed in his motion for another deposition of the child witness. Also, appellant had a chance to request the transcript from the April 1999 hearing and review it prior to the deposition.[2] Thus, we conclude appellant had an adequate opportunity to cross-examine and confront the child witness. Appellant's first assignment of error is overruled.
Under his second assignment of error, appellant maintains that the trial court's sexual predator determination was against the manifest weight of the evidence and that the trial court failed to consider all of the factors under R.C. 2950.09.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine by clear and convincing evidence that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b).
In making such analysis, the judge must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim was part of a demonstrated pattern of abuse; (i) whether the offender, during commission of the offense, displayed cruelty or threatened cruelty; and, (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j).
In determining whether an offender should be classified as a sexual predator, the trial court may use reliable hearsay such as a presentence investigation report or victim impact statement since the Ohio Rules of Evidence do not strictly apply to sexual predator adjudication hearings.State v. Cook (1998), 83 Ohio St.3d 404, 425. This court stated in Statev. King (Dec. 29, 2000), Geauga App. No. 99-G-2237, unreported, 2001 WL 20720, at 3, that:
 "[t]he trial court is not required to find that a majority of the factors set forth in R.C. 2950.09(B)(2) apply to an offender before it can determine that he is a sexual predator. * * * Furthermore, R.C. 2950.09
does not preclude a trial court from relying on one factor more than another in its determination that an offender qualifies as a sexual predator. * * * Although not specifically mandated by the statute, if, after consideration of the relevant factors, the court determines that the defendant should be classified as a sexual predator, it should declare that the defendant `is likely to engage in the future in one or more sexually oriented offenses,' the quintessential purpose in labeling an offender a `sexual predator.' R.C. 2950.01(E)." (Citations omitted.)
 Pursuant to State v. Eppinger (2001), 91 Ohio St.3d 158, 166, the Supreme Court of Ohio has stated that there are three objectives in a sexual offender classification hearing. First, the Supreme Court explained that "it is critical" that "a clear and accurate record of what evidence or testimony was considered should be preserved * * * for purposes of any potential appeal." Id. Second, an expert may be required to assist the trial court in determining whether an offender is likely to engage in a sexually oriented offense in the future. Id. Finally, the Supreme Court indicated that the trial court should consider the statutory factors listed in R.C. 2950.09(B)(2), and it should discuss, on the record, the evidence and factors upon which it relies in making its determination as to the likelihood of recidivism. Id.
Moreover, when reviewing a claim that a judgment is against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts, the trier of fact lost its way and created a miscarriage of justice. State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also,State v. Thompkins (1997), 78 Ohio St.3d 380, 387.
In the case sub judice, the record includes clear and convincing evidence that several of the factors set forth in R.C. 2950.09(B)(2), which the trial court considered, apply to appellant. At appellant's adjudication hearing and in the judgment entry adjudicating appellant a sexual predator, the trial court found that appellant was a thirty-eight year old man at the time of the incidents with no prior criminal record. There were multiple victims, who were under the age of thirteen. Specifically, the young girls were six years old and twelve years old. The victims were assaulted by their own biological father, appellant, who held a position of trust since the victims were his own daughters. The incidents happened over a period of time, which demonstrates a pattern of abuse. Appellant's oldest daughter revealed that the abuse had occurred over a period of seven years, beginning when she was five years old. In fact, both girls stated that the abuse began when they were five. The victims suffered psychological harm, if not physical harm, that they will carry for a long time.
Therefore, based upon a review of the record, we cannot conclude that the trial court erred by classifying appellant as a sexual predator. Appellant's second assignment of error lacks merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Portage County Court of Common Pleas is affirmed.
PRESIDING JUDGE DONALD R. FORD, CHRISTLEY, J., GRENDELL, J., concur.
[1] Appellant was indicted on seven counts: counts one through six were for rape, and count seven was for gross sexual imposition. The jury concluded that appellant was guilty of the lesser offense of gross sexual imposition in lieu of rape for counts one and two, and guilty of count seven, gross sexual imposition. Appellant was found not guilty of counts three and four. The trial court declared a mistrial on counts five and six because the jury was unable to agree on the lesser charge.
[2] We note that a copy of the transcript from the adjudicatory hearing that took place in April 1999, is not contained in the record on appeal.