JOURNAL ENTRY AND OPINION
{¶ 1} Bryan Jones[1] appeals his conviction on charges of theft[2] and burglary[3] following a bench trial before Judge John P. O'Donnell. He claims his conviction was not based upon sufficient evidence, and was against the manifest weight of the evidence, and that prosecutorial misconduct in the admission of a past conviction prevented him from having a fair trial. We affirm.
 {¶ 2} From the record we glean the following: In August 2003, Case Western Reserve University student Oscar Kurvilla entered his sixth floor dormitory residence at Clarke Tower and encountered a man carrying a large backpack and leaving the suite. When asked if he needed anything, the man replied that he was looking for a "Justin" to discuss Intermural Frisbee and Kurvilla told him that Justin was not home.
 {¶ 3} When the man left, Kurvilla went to his room to check his e-mail and found an alert from Campus Security advising of dormitory thefts under the guise of soliciting students for intermural sports. He called Campus Security and gave a description of the man he had just encountered. Shortly thereafter, Justin Walters, a student living on the fourth floor of Clarke Tower, called Campus Security to report that approximately fifteen to twenty DVD movies had been stolen from his suite.
 {¶ 4} When security officers arrived at Clarke Tower, they discovered a man who matched the description provided by Kurvilla and later identified as Jones, outside a back entrance. Upon learning that Jones was not a student, they called University Circle police who ran Jones' name through LEADS and learned that there was a Cleveland warrant issued for his arrest. A search of his backpack revealed over twenty DVDs, several Play Station games, and approximately $120 in loose change.
 {¶ 5} To explain his presence, Jones claimed that his medical condition requires him to urinate frequently and, while on his way to a store to exchange loose change for paper money, he felt the need to relieve himself. He tried to use the restroom of the nearest dormitory, but none of the students would let him into the building, so he relieved himself in the bushes. When he came out of the bushes, he saw a man loading boxes into a car and who drove off leaving one box behind. Because he believed the box had been abandoned, he claimed he thought he could take the DVDs from the box. He denied he ever entered Clarke Tower.
 {¶ 6} Jones was found guilty and was sentenced to two years in prison on the burglary charge, time served on the theft count, post-release control and court costs. His assignments of error are set forth in the appendix to this opinion.
 SUFFICIENCY AND MANIFEST WEIGHT {¶ 7} Jones claims that the evidence was both insufficient and against the manifest weight to support his conviction. We review a claim of insufficiency to determine "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."[4] Under the manifest weight review we assess the quality and credibility of the evidence to determine whether the judgment is adequately supported.[5] We will reverse a judgment on manifest weight grounds only if it appears that the decision reflects an unreasonable view of the evidence and the result is unjust.[6]
 {¶ 8} Jones claims that the evidence was insufficient to support a charge of burglary because there was no evidence that he trespassed into Clarke Tower, using force, stealth or deception, to steal. Evidence at trial revealed that outsider access to the dormitories is prohibited and to enter each student must use a magnetic key card to open the entrance door. Similarly, on each floor there are locks on the doors to the common rooms and the four bedrooms connected to each common room. Kurvilla testified he found Jones, who was in his early forties and not a student, leaving the common area of his suite. Moreover, Jones told him that he was looking for Justin to play intermural frisbee, and Kurvilla knew that Justin did not play that sport.
 {¶ 9} Kurvilla's description of the intruder led security to identify Jones outside Clarke Tower, and he positively identified Jones in a photo line-up. In addition, Walters identified twenty-one of the DVD movies missing from his suite as those found in Jones' backpack. This evidence is sufficient to sustain Jones' conviction because, if believed, it leads to the inference that Jones entered Clarke Tower and committed a theft.
 {¶ 10} Jones' manifest weight challenge relies upon the same arguments raised in his sufficiency issue. The evidence of guilt is substantial because Kurvilla's testimony is supported by the circumstances: Jones' presence inside the dormitory when he was forbidden access, his presence outside Clarke Tower immediately following a call from Walters regarding a theft, the missing items being found in his possession and, consistent with the campus security alert, his attempt to disguise his presence into the dormitory by claiming to recruit intermural sports participants.
 {¶ 11} Although Jones presented evidence that he frequently rides his bike in the campus area from his nearby apartment, and that his medical condition mandates frequent restroom stops, he failed to explain Kurvilla's identification and the presence of the DVDs in his possession. This assignment of error lacks merit.
 PRIOR CONVICTION {¶ 12} Jones contends it was error to introduce into evidence his prior burglary conviction involving Clarke Tower when, throughout his direct examination, he testified that he had never been in the building. When the prosecutor brought up his statements on cross-examination, the following exchange took place:
{¶ 13} Now, had you ever been in Clarke Towers before?
 {¶ 14} Clarke Towers, Clarke Towers? If I had been — no, Inever had been. I had been on Case Campus before, but not onClarke Towers.
 {¶ 15} You have a conviction in `01, is that correct, forburglary?
 {¶ 16} Yes.
 {¶ 17} And that stems from an incident on 9-16-02 where youbroke into Clarke Towers, correct?
 {¶ 18} I'm not — I couldn't say that for sure. I thought itwas a dorm, another dorm, I didn't break into, but I was visitinga fraternity brother of mine.
 {¶ 19} You pled guilty to burglary.
 {¶ 20} Yes, I did.
 {¶ 21} Jones' objection to this line of questioning was overruled. He claims that, when impeaching a witness under Evid.R. 609, the judge has broad discretion to limit the questioning of a witness which asks more than the name of the crime, the time and place of conviction and the punishment imposed.[7]
 {¶ 22} Evid.R. 609(A)(2), however, permits the admission of prior convictions if the crime was punishable by imprisonment in excess of one year, provided that the probative value outweighs the danger of unfair prejudice, confusion of the issues, or misleading the jury, and the evidence is not excluded by the court in its discretion under Evid.R. 403(B).[8] A judge is afforded broad discretion in determining the extent to which such evidence may be admitted under Evid.R. 609.[9] The judge did not abuse his discretion in allowing the prosecutor to use Jones' prior burglary of Clarke Towers to impeach his credibility as his own testimony on direct examination opened the door to further questioning on this matter.
 {¶ 23} Moreover, "in a bench trial, the court must be presumed to have `considered only the relevant, material, and competent evidence in arriving at its judgment unless it affirmatively appears to the contrary.'"[10] This assignment of error lacks merit.
Judgment affirmed.
APPENDIX:
 ASSIGNMENTS OF ERROR
 I. APPELLANT BRYAN JONES' CONVICTION FOR BURGLARY WAS BASED ONINSUFFICIENT EVIDENCE AND AGAINST THE MANIFEST WEIGHT OF THEEVIDENCE.
 II. THE TRIAL JUDGE ERRED AND THE PROSECUTOR COMMITTEDMISCONDUCT WHEN DETAILS OF BRYAN JONES' PRIOR BURGLARY CONVICTIONWERE ALLOWED INTO EVIDENCE.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., J., and Calabrese Jr., J., concur.
[1] We note that the record contains alternate spellings of "Brian" and "Bryan." Since the original indictment contains the latter spelling, we adopt "Bryan" for purposes of appeal.
[2] R.C. 2913.02.
[3] R.C. 2911.12.
[4] State v. Stallings, 89 Ohio St.3d 280, 289,2000-Ohio-164, 731 N.E.2d 159, quoting Jackson v. Virginia
(1979), 443 U.S. 307, 319, 99 S.Ct. 2781.
[5] State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[6] Id.
[7] State v. Amburgey (1987), 33 Ohio St.3d 115,515 N.E.2d 925, syllabus.
[8] State v. Brown (2003), 100 Ohio St.3d 51, 2003-Ohio-5059,796 N.E.2d 506.
[9] State v. Wright (1990), 48 Ohio St.3d 5, 548 N.E.2d 923, syllabus.
[10] State v. Richey (1992), 64 Ohio St.3d 353, 357-358,1992-Ohio-44, 595 N.E.2d 915, 921 quoting State v. Post (1987),32 Ohio St.3d 380, 384, 513 N.E.2d 754, 759.