GORDON, Plaintiff-Appellant, v. COLUMBUS AND
SOUTHERN OHIO ELECTRIC COMPANY,
Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 6241.   Decided May 24, 1960.

*Mr. Walter S. Barrett, Jr.,* for plaintiff-appellant.
*Messrs. Porter, Stanley, Treffinger & Platt* and *Mr. William
E. Arthur,* for defendant-appellee.

(McLAUGHLIN, J., of the Fifth Appellate District, sitting
by designation in the Tenth District.)

For further history see *Omnibus Index* in bound volume.

DUFFY, J.   This is an appeal from the judgment of the
Court of Common Pleas, and the Assignments of Error re-
ferring to the refusal of the trial court to include the special
charges to the jury as part of the general charge after advising
counsel for the plaintiff that this would be done, and for errors
in the general charge of the trial judge to the jury.   The record

indicates that the special charges which the plaintiff wanted to read to the jury were not prepared for presentation to the Court before argument was begun and, therefore, any discussion in regard to the special charges would not clarify the law in regard to special charges to the jury. It is sufficient to say that in this instance they were not properly presented and there was no duty of the trial court to consider them.

As to the errors in the general charge to the jury it is impossible to consider those complaints having to do with the inflection of the judge's voice, his mannerisms and facial expressions, of which counsel complains but to which he admits are not able to be shown by the record for the consideration of this Court.

This case presented a factual situation involving a truck of the defendant's which was going forward at a very slow speed with a white back-up light in operation on the rear of the truck. There was testimony by the plaintiff that he thought the light, which was a bright light, was a one-eyed car or motor-cycle as he could not see the red lights, which were also illuminated on the truck, because of the glare. When the plaintiff did observe the truck he attempted to stop his car, but skidded into the rear of the truck.

Plaintiff-appellant complains because the trial judge in his general charge told the jury that the truck was a "discernible visible object." In view of the Supreme Court cases dealing with discernible objects it is impossible to say the trial judge was wrong in this statement, and we can find no decision in Ohio holding that the glare from the lights of oncoming cars in any way excuses a driver from complying with that provision of the traffic code which requires him to so drive that he can bring his vehicle to a stop within the assured clear distance ahead. See *Whitaker* v. *Baumgardner*, 167 Ohio St., 167, and cases cited therein.

Surely the plaintiff in this case does not have sufficient grounds for complaint as the trial judge did put to the jury the question of the proximate cause of the accident and the resulting disabilities, and the jury held in favor of the defendant.

Finding nothing prejudicial to the plaintiff in the record, the judgment of the trial court will be affirmed.

BRYANT, P. J., and McLAUGHLIN, J., concur.