OPINION *Page 2 
{¶ 1} Defendant-appellant, Adrian Wood, appeals her conviction on one count of child endangerment in violation of R.C. 2919.22(A). Because the indictment contained an allegation of serious physical harm, the charge was elevated to a felony of the third degree. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant is the mother of three daughters, Erica, Erin and Crystal. In June 2006, Erin and. Crystal were removed from appellant's home by Licking County Children's Services because of allegations that their father, Loren Nethers, had been sexually abusing them. Erica was an adult at the time and Erin turned eighteen a few months later, leaving Crystal the only child in the temporary custody of the State.
 {¶ 3} October 26, 2006, Loren Nethers was indicted on fifteen counts, i.e. three counts of sexual abuse, three, counts of rape and eight counts of gross sexual imposition. Mr. Nethers was convicted after a jury trial of two counts of sexual battery involving Erin and eight counts of gross sexual imposition involving Crystal. He was sentenced to a total of twelve (12) years in the state penitentiary. The remaining counts were dismissed by the State because Erica and Erin refused to cooperate with the police investigation.
 {¶ 4} On April 20, 2007, appellant was indicted on one count of Endangering Children. The basis of the indictment was that appellant knew or should have known that Mr. Nethers was sexually abusing Crystal and should have taken measures to protect her daughter. As a result, she caused Crystal serious physical harm. A jury trial commenced on November 29, 2007. *Page 3 
 {¶ 5} Jennifer Seas who had been an employee of Licking County Children's Services testified that the Department received a referral in July 1997. A referral source had informed a Children's Services intake worker that Crystal, then age two and one-half, had inappropriately touched one of her teachers and asked this teacher, if her daddy bit her breasts. The incident was investigated by Children's Services and found to be unsubstantiated.
 {¶ 6} In 2004, a. teacher's aide at Erin's school indicating that she overheard Erin making a statement to another child about sexual abuse by her father. During the subsequent police investigation, Erin denied any sexual abuse and no charges were filed. Erin testified that her father never sexually abused her and that she never told another student that her father had sexually abused her.
 {¶ 7} In June 2006, Erin's then boyfriend contacted the police to report that Erin had told him that her father had engaged in sexual conduct with her. During the subsequent investigation, appellant informed Detective Chris Barbuto about an incident that had occurred in 2001 where appellant had heard someone scream "no" and had gone upstairs where she observed Erin crawling away from Mr. Nethers, whose pants were partially unzipped.
 {¶ 8} Crystal testified that Mr. Nethers inappropriately touched her breasts over a period of two years. She testified she told Mr. Nethers to stop the behavior because it was nasty. Crystal told appellant about the abuse. Crystal further testified that the inappropriate touching did stop for a time after that conversation but began again later. She did not disclose to appellant that the abuse had started again. Additionally, Crystal testified she has been in counseling for over a year because of the abuse. *Page 4 
 {¶ 9} Michelle Kennedy, a social worker for Children's Services, testified that Crystal was in counseling at Tri-County Mental Health. The counseling began in September 2006 and Crystal was currently involved in that therapy. The counseling is addressing the trauma Crystal experienced as a victim of sexual abuse. In addition, Ms. Kennedy testified that Crystal had been placed in a treatment foster care home for children with behavioral issues or severe needs.
 {¶ 10} Mr. Nethers' sister, Tamera Mason, testified concerning two conversations between herself, Mr. Nethers and appellant regarding the accusations. Ms. Mason testified that appellant recounted the incident with Erin and Mr. Nethers that occurred in 2001. Ms. Mason also testified that appellant stated that she was going to choose Mr. Nethers over her daughters. In addition Ms. Mason testified that appellant told her approximately two years earlier that Mr. Nethers was going to prison for molesting the girls.
 {¶ 11} Mr. Nethers' other sister, Rosemary Dondrea., testified that she had been present for those conversations and that appellant had not made any of those statements. Ms. Dondrea further testified that during the two and one-half years that she lived in the home of appellant and Mr. Nethers, she had no knowledge of any sexual misconduct occurring.
 {¶ 12} Appellant testified that she was aware that Nethers was sexually abusing his daughters in 1997. (1T. at 184-185). She further admitted telling Detective Barbuto about finding Nethers in a room with one of his daughters with his fly somewhat open, which led her to become suspicious. (1T. at 1191-194). Appellant admitted telling a *Page 5 
caseworker that Nethers had been accused in the past of molesting his two other daughters. (1T. at 198).
 {¶ 13} In response to a question from the jury, the trial court supplemented the original jury charge with the dictionary definition of "psychiatry" as a "branch of medicine that deals with mental, emotional, or behavior disorders" and "treatment" meaning "to treat." (2T. at 263). The parties consented to these instructions.
 {¶ 14} On November 30, 2007, the jury returned a verdict of Guilty on the single count of the indictment. On January 8, 2008, a sentencing hearing was held and appellant was sentenced to a term of three (3) years of imprisonment.
 {¶ 15} Appellant timely appealed and submits the following five assignments of error for our consideration:
 {¶ 16} "I. THE APPELLANT WAS DENIED DUE PROCESS OF LAW AND A FAIR TRIAL BY THE ADMISSION BELOW OF INADMISSIBLE HEARSAY, IRRELEVANT AND PREJUDICIAL TESTIMONY.
 {¶ 17} "II. THE APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL DUE TO THE FAILURE OF COUNSEL BELOW TO OBJECT TO THE ADMISSION OF INADMISSIBLE HEARSAY, IRRELEVANT AND PREJUDICIAL TESTIMONY.
 {¶ 18} "III. THE TRIAL COURT ERRED WHEN IT REFUSED TO GRANT THE APPELLANT'S MOTION FOR A DIRECTED VERDICT OF NOT GUILTY AT THE CLOSE OF THE STATE'S CASE IN CHIEF.
 {¶ 19} "IV. THE CONVICTION OF THE APPELLANT WAS BASED ON INSUFFICIENT EVIDENCE TO WARRANT THE SAME. *Page 6 
 {¶ 20} "V. THE CONVICTION OF THE DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED BELOW.
 I. {¶ 21} In her first assignment of error appellant contends the trial court erred in permitting damaging hearsay to be admitted without objection.
 {¶ 22} Appellant first argues the trial court erred when it admitted into evidence statements the child made to a referral source who in turn related the statements to the caseworker for children's services. The statements were asking the referral source if her daddy bit her breasts.
 {¶ 23} Appellant also contends that the trial court erred when it admitted into evidence testimony by Detective Barbuto that daughter Erin stated, "My Dad makes me have sex with him."(1T. at 98 — 99). In addition, in 2006, Erin told a boyfriend "her father engaged in sexual conduct with her." (1T. at 100 — 101). Appellant argues these statements were inadmissible hearsay.
 {¶ 24} Finally, the appellant claims that the testimony of Tamara Mason was irrelevant and unduly prejudicial pertaining to statements made by the appellant that she was choosing her husband over her kids.
 {¶ 25} The testimony was not objected to by appellant.
 {¶ 26} Because no objection was made to the testimony at the trial level, we must review this error under the plain error standard.
 {¶ 27} Crim. R. 52(B) provides that, "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error under Crim. R. 52(B) is to be taken with the utmost caution, under *Page 7 
exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus. In order to find plain error under Crim. R. 52(B), it must be determined, but for the error, the outcome of the trial clearly would have been otherwise. Id. at paragraph two of the syllabus.
 {¶ 28} "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Evid. R. 801(C). Hearsay is generally not admissible unless it falls within one of the exceptions to the rule against hearsay. Evid. R. 802, 803, 804; State v. Steffen (1987),31 Ohio St. 3d 111, 509 N.E.2d 383. Statements constitute hearsay only if they were offered to prove the truth of the matters asserted in those statements. If those statements were offered for some other purpose, they are not inadmissible hearsay. State v. Davis (1991),62 Ohio St.3d 326, 344, 581 N.E.2d 1362.
 {¶ 29} We find any error in the admission of the statements was harmless beyond a reasonable doubt. The "truth" is that the father, Loren Nethers, was in fact convicted by a jury of two counts of sexual battery with respect to Erin and eight counts of gross sexual imposition with respect to Crystal. (1T. at 104-105; State's Exhibit 2; State's Exhibit 3). The State presented into evidence both the Indictment and the Judgment Entry of Conviction. Appellant, therefore, cannot demonstrate prejudicial error. Even without the statements, the jury would have been aware that the father had been convicted of sexually abusing his daughters during the relevant period.
 {¶ 30} Finally, with respect to the statements made by Appellant during her conversation with Tamara Mason, Evid. R. 801(D) (2) (a) provides:
 {¶ 31} "(D) Statements which are not hearsay. A statement is not hearsay if: *Page 8 
 {¶ 32} "* * *
 {¶ 33} "(2) Admission by party-opponent. The statement is offered against a party and is (a) his own statement, in either his individual or a representative capacity."
 {¶ 34} Appellant concedes that the statements made to Ms. Mason are admissible under Evid. R. 801. However, appellant claims that the statements were unduly prejudicial.
 {¶ 35} Evid. R. 403(A) provides that "[although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
 {¶ 36} "Logically, all evidence presented by a prosecutor is prejudicial, but not all evidence unfairly prejudices a defendant. It is only the latter that Evid. R. 403 prohibits." State v. Wright (1990),48 Ohio St. 3d 5, 8, 548 N.E.2d 923. The relevant statements made by appellant to Ms. Mason were not unfairly prejudicial.
 {¶ 37} Appellant's own statements, when viewed in their proper context give rise to a reasonable inference that appellant was aware of the allegations the daughters were making and did nothing to protect Crystal because she chose to believe her husband. Accordingly, the statement was relevant and not unduly prejudicial.
 {¶ 38} Appellant's first assignment of error is denied.
 II. {¶ 39} In her second assignment of error, appellant argues that she was denied effective assistance of trial counsel.
 {¶ 40} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of *Page 9 
reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness.Lockhart v. Fretwell (1993), 506 U.S. 364, 113 S.Ct. 838,122 L.Ed.2d 180; Strickland v. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 41} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 42} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.Strickland 466 U.S. at 687; 694, 104 S.Ct. at 2064; 2068. The burden is upon the defendant to demonstrate that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Id.; Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, supra;Bradley, supra.
 {¶ 43} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged *Page 10 
deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of theStrickland test.
 {¶ 44} Essentially, appellant argues that her trial attorney's failures to raise in the trial court the same issues and arguments that she presented in her first assignment of error on appeal rendered his performance ineffective. Appellant offers no additional grounds not addressed in the previous assignment of error.
 {¶ 45} None of the instances raised by appellant rise to the level of prejudicial error necessary to find that she was deprived of a fair trial. Having reviewed the record that appellant cites in support of her claim that she was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of her. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. Appellant has failed to demonstrate that there exists a reasonable probability that, had trial counsel objected to the testimony the result of his case would have been different.
 {¶ 46} Appellant's second assignment of error is denied
 III. IV. V. {¶ 47} Because appellant's third, fourth and fifth assignments of error each require us to review the evidence, we shall address the assignments collectively.
 {¶ 48} In her third assignment of error appellant alleges that the trial court erred in not granting her Crim. R. 29 motion for acquittal at the conclusion of the State's case. In determining whether a trial court erred in overruling an appellant's motion for judgment of acquittal, the reviewing court focuses on the sufficiency of the evidence. *Page 11 
See, e.g., State v. Carter (1995), 72 Ohio St.3d 545, 553,651 N.E.2d 965, 974; State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503.
 {¶ 49} In her fourth and fifth assignments of error appellant maintains that her conviction is against the sufficiency of the evidence and against the manifest weight of the evidence, respectively.
 {¶ 50} When reviewing the sufficiency of the evidence, our inquiry focuses primarily upon the adequacy of the evidence; that is, whether the evidence, if believed, reasonably could support a finding of guilt beyond a reasonable doubt. See State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546 (stating, "sufficiency is the test of adequacy"); State v. Jenks (1991), 61 Ohio St.3d 259 at 273,574 N.E.2d 492 at 503. The standard of review is whether, after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781; Jenks, 61 Ohio St.3d at 273, 574 N.E.2d at 503.
 {¶ 51} Weight of the evidence addresses the evidence's effect of inducing belief. State v. Wilson, 713 Ohio St. 3d 382, 387-88,2007-Ohio-2202 at ¶ 25-26; 865 N.E.2d 1264, 1269-1270. "In other words, a reviewing court asks whose evidence is more persuasive — the state's or the defendant's? Even though there may be sufficient evidence to support a conviction, a reviewing court can still re-weigh the evidence and reverse a lower court's holdings." State v. Wilson, supra. However, an appellate court may not merely substitute its view for that of the jury, but must find that "the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must *Page 12 
be reversed and a new trial ordered." State v. Thompkins, supra,78 Ohio St.3d at 387. (Quoting State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721). Accordingly, reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." State v. Thompkins, supra.
 {¶ 52} Employing the above standard, we believe that the State presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the offense of endangering children.
 {¶ 53} In the present case, appellant was charged with and convicted of child endangering in violation of R.C. 2919.22(A), resulting in serious physical harm, a third degree felony.
 {¶ 54} R.C. 2919.22(A) provides in relevant part:
 {¶ 55} "(A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age or a mentally or physically handicapped child under twenty-one years of age, shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support . . ."
 {¶ 56} In State v. Stewart, 5th Dist. No. 2007-CA-00068, 2007-Ohio-6177, this Court noted:
 {¶ 57} "R.C. 2919.22(A) is aimed at preventing acts of omission or neglect when the breach results in a substantial risk to the health or safety of a child. See, e.g., State v. Sammons (1979),58 Ohio St.2d 460, appeal dismissed (1980), 444 U.S. 1008; State v. Kamel (1984),12 Ohio St.3d 306, 308; Committee comment to R.C. 2919.22. Where *Page 13 
a defendant is charged with a violation of R .C. 2919.22(A), resulting in serious physical harm, the prosecution must prove that the defendant: (1) was the parent, guardian, custodian, person having custody or control, or person in loco parentis of the subject child; (2) recklessly created a substantial risk to the health or safety of the child; (3) created that risk by violating a duty of protection, care or support; (4) and that the defendant's conduct resulted in serious physical harm to the child. State v. Barton (1991), 71 Ohio App.3d 455, 463, motion for leave to appeal overruled (1991), 61 Ohio St.3d 1427; State v.Newman (Aug. 18, 1995), Ross App. No. 94 CA 2079; State v. Elliott (June 22, 1995), Franklin App. Nos. 94APA08-1274 and 94APA08-1275, unreported;State v. Kirk (Mar. 24, 1994), Franklin App. 93AP-726, unreported." Id. at ¶ 59
 {¶ 58} The parties do not dispute that appellant was the mother of Crystal. Thus, the evidence offers a substantial basis upon which the jury could reasonably conclude that the first element of R.C. 2919.22(A) was satisfied beyond a reasonable doubt.
 {¶ 59} Although not stated in R.C. 2919.22, recklessness is the culpable mental state for the crime of child endangering. State v.O'Brien (1987), 30 Ohio St.3d 122, 508 N.E.2d 144; State v. Conley, Perry App. No. 03-CA-18, 2005-Ohio-3257 at ¶ 20; State v. Stewart, supra at ¶ 61. Recklessness is defined in R.C. 2901.22(C), which states:
 {¶ 60} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." *Page 14 
 {¶ 61} To satisfy the second element of a violation of R.C. 2919.22(A), recklessness must create a "substantial risk" to the health and safety of the child. A "substantial risk" is "a strong possibility, as contrasted with a remote or significant possibility, that a certain result or circumstance may occur." R.C. 2901.01(H). See, also,Kamel, supra, at 308; State v. Newman, supra; State v. Stewart, supra at ¶ 63.
 {¶ 62} The fact-finder need not have found that the father sexually abused the daughters. State v. Traster (Oct. 23, 1996), Summit App. No. 17548. The State asserts that appellant violated R.C. 2919.22(A) by failing to protect Crystal when the appellant was aware that allegations were being made that the father had not only sexually abused Crystal, but also had sexually abused her two older sisters. An inexcusable failure to act in discharge of one's duty to protect a child where such failure to act results in a substantial risk to the child's health or safety is an offense under R.C. 2919.22(A). State v. Kamel (1984),12 Ohio St. 3d 306, 309, 466 N.E.2d 860; State v. Perrine, 5th Dist. No. 2001CA00338, 2002-Ohio-2898 at ¶ 14.
 {¶ 63} The jury could have found the third element of R.C. 2919.22(A) satisfied. As a parent, appellant clearly had a duty to care for and protect Crystal. In the case at bar, appellant became aware that Nethers was sexually abusing his daughters in 1997. (1T. at 184-185). She further admitted telling Detective Barbuto about finding Nethers in a room with one of his daughters with his fly somewhat open, which led her to become suspicious. (1T. at 1191-194). Appellant admitted telling a caseworker that Nethers had been accused in the past of molesting his two other daughters. (1T. at 198). Nethers was convicted of two counts of sexual battery with respect to one of the older daughters *Page 15 
and eight counts of gross sexual imposition with respect to Crystal. (1T. at 104-105; State's Exhibit 2; State's Exhibit 3).
 {¶ 64} To satisfy the fourth element of a violation of R.C. 2919.22(A) appellant's conduct must have resulted in serious physical harm to Crystal. What constitutes "serious physical harm" is defined by R.C. 2901.01(E), which reads, in pertinent part:
 {¶ 65} "(E) Serious physical harm to persons' means any of the following:
 {¶ 66} "(1) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 67} "* * *"
 {¶ 68} In the case at bar, Michele Kennedy testified that Crystal was placed in a treatment foster care home for children with behavioral issues or severe needs. She further testified that after this placement she immediately started therapy specific to being a sexual abuse victim, that therapy was started in September of 2006, and that Crystal was still involved in that therapy at the time of the jury trial in November of 2007. This therapy was conducted at Tri-County Mental Health in Athens, Ohio, and was specifically addressing the trauma that Crystal was experiencing, and learning how to cope with being a victim of sexual abuse. (1T. at 66 — 68). Additionally, Crystal testified she has been in counseling for over a year. (1T. at 120). Clearly, the time-period involved constitutes a prolonged period. Additionally, the sexual abuse inflicted on Crystal did result in issues to be addressed by Crystal with the assistance of her treatment foster care family and her mental health counselor.
 {¶ 69} Given the evidence adduced at trial, the jury could have reasonably determined that Crystal suffered serious physical harm due to the conduct of appellant. *Page 16 
As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. "A fundamental premise of our criminal trial system is that `the jury is the lie detector.' United States v.Barnard, 490 F.2d 907, 912 (C.A.9 1973) (emphasis added), cert. denied,416 U.S. 959, 94 S.Ct. 1976, 40 L.Ed.2d 310 (1974). Determining the weight and credibility of witness testimony, therefore, has long been held to be the `part of every case [that] belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men.' Aetna Life Ins. Co. v.Ward, 140 U.S. 76, 88, 11 S.Ct. 720, 724-725, 35 L.Ed. 371 (1891)".United States v. Scheffer (1997), 523 U.S. 303, 313, 118 S.Ct. 1261,1266-1267.
 {¶ 70} We find no basis for concluding that a reasonable trier of fact would not have found the essential elements of endangering a child proven beyond a reasonable doubt. After reviewing the evidence, we cannot say that this is one of the exceptional cases where the evidence weighs heavily against the conviction. The jury did not create a manifest injustice by concluding that appellant was aware that her failure to act after being put on notice that inappropriate contact had occurred between Crystal and her father would cause a substantial risk to the health or safety of the child. The jury also did not lose its way by concluding that appellant perversely disregarded a known risk that her failure to act to protect her daughter would result in serious physical harm to the child. *Page 17 
 {¶ 71} Accordingly, appellant's third, fourth and fifth Assignments of Error are denied.
 {¶ 72} The judgment of the Licking County Court of Common Pleas is affirmed.
By Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs to appellant. *Page 1